FOWLER v. STUBBINGS.

1. EQUITY—PLEADING — QUIETING TITLE — JURISDICTION — APPEAL AND ERROR.

A bill to quiet title to land, reciting that plaintiff acquired title by tax deeds, that he served proper notice to redeem, that no redemption was made, and that he had peaceable entry, and defendant's answer denying notice as to him, presented an issue which might be settled by the appellate court; equity having jurisdiction to quiet titles to land, and the bill not having been demurred to.

2. TAXATION—REDEMPTION—NOTICE — REGISTERED LETTER — SHERIFF'S RETURN.

Under section 140 of the tax law (Act No. 142, Pub. Acts 1905),

in force at the time service of notice to redeem was made by the sheriff by registered letter, providing for filing by the sheriff of receipts received for such letters with his return, where the receipt received by the sheriff and filed was signed, not by defendant, to whom the letter was sent, and who denied receipt of notice, but by a stranger, *held*, that the service was insufficient.

Appeal from Muskegon; O'Brien, J., presiding. Submitted April 16, 1918. (Docket No. 104.) Decided October 7, 1918.

Bill by John C. Fowler against Wilson H. Stubbings and others to quiet title to land sold for delinquent taxes. Defendant Stubbings filed a cross-bill to redeem from said sale. From a decree for defendant, plaintiff appeals. Affirmed.

*Charles B. Cross* and *Wallace Foote,* for plaintiff.

*Alex. Sutherland,* for defendant Stubbings.

Ostrander, C. J. One who has acquired deeds from the auditor general for State tax lands, who claims to have given the proper notice to those appearing to be entitled thereto, who has waited the requisite time and no redemption has been made, and who has peaceably entered into possession of the land, is not often, if ever, entitled to maintain a bill in equity to quiet his title as against any right or interest existing when his deeds became effective. This is the position the plaintiff in this suit claims that he occupies. It is true that in *Flint Land Co.* v. *Godkin,* 136 Mich. 668, and in *Flint Land Co.* v. *Fochtman,* 140 Mich. 341, it was held that under the circumstances appearing the demands of defendants that the bills be dismissed ought to be refused. But in *Triangle Land Co.* v. *Nessen,* 155 Mich. 463, a decree overruling a demurrer to a bill such as is filed in the instant case was reversed. The reasons there given for the conclusion reached

would require the court to sustain a demurrer here, if one had been filed. The record title of the defendants is not a cloud upon the title which plaintiff derived through the tax proceedings. No other cloud, or claim, or interest, is set up in the bill, and no question of title was in fact in issue at the hearing. What was decided was that as to one defendant, who answered, plaintiff had not given him the notice which the tax law requires to be given and that, in consequence, he is now entitled to redeem the land. It is manifest that if this defendant had, or has, the right to redeem, the tax law shows him the road. He does not need the interference, or the aid, of a court of equity. I am therefore impressed that this court ought to dismiss the case out of court, leaving the parties to proceed as they may be advised in a court of law. I am impressed that neither the bill nor the bill and answer present a matter within the proper jurisdiction of a court of equity. My associates are of opinion that, a court of equity having jurisdiction to quiet titles to land, the bill not having been demurred to, it and the answer present an issue which may be settled here.

Considering the question decided by the trial court, it is to be observed that while defendant Stubbings appears to be the grantee in a quitclaim deed, dated June 3, 1914, recorded June 15, 1914, there is no testimony, no evidence, in the record tending to prove that, when plaintiff gave the notices, defendant Stubbings had any interest in the land. Nor, upon this record, does the quitclaim deed referred to purport to have been executed by any one owning or having any interest in the land. And yet the court found, among other things, that "defendant, Wilson H. Stubbings, is the record owner in fee simple" of the land. Counsel for plaintiff, appellant, do not, however, pay attention to any subjects excepting two, which are (1)

that the tax notice was properly served upon defendant Stubbings, (2) that it was not necessary for the sheriff who served the notices to return that no one was in possession of the premises. These are the questions considered in the opinion of the learned trial judge, and seem to have been the only ones he was called upon to consider.

Defendant Stubbings lived in Glenellyn, Illinois, with his son, Wilson H. Stubbings, Junior, a, man 25 years old, and a daughter. The registered letter containing the notice was correctly addressed to defendant by the sheriff of Muskegon county, and was received for registration by the postmaster at Muskegon, January 29, 1909, postage paid. It is plaintiff's contention that, having delivered the letter to the postmaster and taken his receipt therefor, service upon defendant Stubbings was completed; that under the statute no other evidence of service is required. In fact, the letter was delivered at Glenellyn, Illinois, at the home of defendant, but was there received by and receipted for by his son and the registration receipt made a part of the sheriff's return so shows. Defendant testified that it was not brought to his attention, and that he first learned that such a service had been attempted in the year 1914.

The present statute upon the subject is (1 Comp. Laws 1915, § 4138):

"That if the person or persons entitled to such notice, or any of them, shall be nonresidents of this State, if from the said record aforesaid, or from inquiry, the sheriff can obtain the postoffice address of such person or persons or if said addresses be known to him, he shall either send to such nonresident person or persons a copy of said notice by registered letter, and return the receipt or receipts of the postmaster received for said letter or letters with his return to the county clerk's office, or said sheriff shall cause to be served personally on such person or persons aforesaid a copy of the said notice."

The law in force in January, 1909, was section 140 of the tax law of 1893 as amended (Act No. 142, Pub. Acts 1905) and the language was—

"he shall send to such person or persons aforesaid a copy of said notice by registered letter, and return the receipt or receipts received for said letter or letters with his return to the county clerk's office."

It is probable that the language employed in both of these sections has the same meaning, and that it refers to both the receipt given by the postmaster at the office of mailing and that given where the letter is delivered. The "receipt received for said letter" is the controlling language. In the instant case the sheriff was advised by the receipt which came back to him that the letter had been receipted for, not by defendant, nor by any one purporting to act as his agent, but by a stranger, and that the delivery appeared to have been made in violation of rules of the postoffice department. It is said, in argument, that the sheriff had the right to suppose that Wilson H. Stubbings and W. H. Stubbings, Junior, meant the same person, and was not called upon to send another notice. It must be observed that the statute does not make any return of service other than *prima facie* evidence and that the sheriff's return may be contradicted. *Winters* v. *Cook*, 140 Mich. 483; *Gogebic Lumber Co.* v. *Moore*, 157 Mich. 499. And, as was remarked by the trial judge, it is doubtful if this return is *prima facie* evidence of service upon the proper person.

It must be held that the service was not good, and that the decree should be affirmed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.