## MASTERS *v.* JOHN WIDDICOMB CO.

TAXATION—STATE TAX DEED—SUBSEQUENT TAX—NOTICE TO REDEEM.

> Where the grantee in a tax deed from the State was required by law to pay a subsequent tax returned to the auditor general, he had a right to include the amount thereof in the notice given to the owner of the right to redeem under 1 Comp. Laws 1915, §§ 4138, 4139.

Appeal from Alger; Fead (Louis H.), J.    Submitted October 10, 1922.    (Docket No. 59.)    Decided December 5, 1922.

Bill by Wallace H. Masters against the John Widdicomb Company and others to quiet title to land.    From a decree for plaintiff, defendant John Widdicomb Company appeals.    Affirmed.

*M. J. Sherwood,* for plaintiff.

*Travis, Merrick, Warner & Johnson,* for appellant.

WIEST, J. Bill to quiet title to unoccupied land. Plaintiff derived his title from the grantee in a tax deed from the State. Decree was granted plaintiff in the circuit court.

The grantee in the tax deed was required by law to pay, and did pay, a subsequent tax returned to the auditor general, and in the notice of right to redeem, given to the last grantee in the regular chain of title appearing of record in the office of the register of deeds, included in the amount due such subsequent tax. Defendants attack the validity of such subsequent tax, and also claim its inclusion in the notice rendered the notice void. The validity of the tax deed is not questioned. We find no occasion to determine whether the subsequent tax was valid or not. The law made the payment of such subsequent tax a condition to the right of purchase and, therefore, a part of the purchase price. The grantee from the State having paid such tax, as required by law, had a right to include the amount thereof in the notice given of right to redeem.

The statutory notice provides for a statement of all sums paid upon the purchase from the State (1 Comp. Laws 1915, § 4138). The law also permits redemption upon payment of the amount paid upon the purchase from the State, together with 100% in addition thereto and the lawful fees of giving notice of right to redeem, and the further sum of $5 for each description (1 Comp. Laws 1915, § 4139). See *Haney* v. *Miller*, 154 Mich. 337; *Rogers* v. *Davison*, 188 Mich. 519.

The decree is affirmed, with costs against the appealing defendant, John Widdicomb Company.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.