## DURHAM *v.* STUBBINGS.

CANCELLATION OF INSTRUMENTS—DEEDS—FRAUD—REIMBURSEMENT OF AMOUNT PAID IN LITIGATION AND TAXES.

> In a suit to set aside a deed procured by fraud, on appeal, the decree of the court below is modified to include, in the amount to be paid to defendant, the full amount of his necessary disbursements in litigation defeating tax titles on property in question, together with the total of taxes paid, with interest

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 20, 1923.    (Docket No. 57.)    Decided June 4, 1923.

Bill by William W. Durham and others against Wilson H. Stubbings to set aside a deed and to quiet title.    From a decree for plaintiffs, defendant appeals. Modified and affirmed.

*Philip W. Kniskern* and *John G. Anderson,* for plaintiffs.

*Alex. Sutherland (Harris E. Galpin,* of counsel), for defendant.

CLARK, J.   Plaintiffs Frank J. and Anna A. Durham are the issue and heirs at law of Petruella Durham, deceased.   William W. Durham was the husband of the deceased and is the father of the other plaintiffs.   Petruella was a daughter of one Johnson, and at his death acquired, as an heir at law, an interest in the real estate of which he died seized and possessed.   A part of such real estate is in North Muskegon, Michigan.   Defendant was the husband of a sister of Petruella, remaining child and heir at law of Johnson.   The sisters conveyed their interests in this and other real estate to the defendant.   This deed and defendant's conduct thereunder resulted in litigation in the superior court of Cook county, Illinois.   The deed was set aside.   There was receivership and accounting.   The several decrees, orders, stipulations and conveyances produced by such litigation as set forth cover about 100 pages of the printed record.   It is neither practicable nor profitable to quote them here. The two plaintiffs first above named insist that the final decree, made upon stipulation and by consent of the parties in interest in such litigation, gave title in fee simple to their mother of the land in North Muskegon and that they, as her sole heirs at law, are the owners of it.   There is evidence tending to show that defendant pursuant to the decree conveyed such land to said plaintiffs' mother, but such deed is not in evidence and was not recorded.   The record indicates that the land in North Muskegon was not regarded as valuable by the parties in interest and taxes on it were not paid.   One Fowler acquired tax titles.   About 17 years after the said decree, Petruella Durham having died, defendant interviewed plaintiffs in Chicago and, it is said, made certain false representations respecting the land in North Muskegon, and procured from them thereby a quitclaim deed of the land.   With the deed was also a trust agreement, so-

called, which need not be stated.   Defendant denied making any false representations, but of that the trial judge found:

\* \* \* "The said defendant, Wilson H. Stubbings, falsely and fraudulently represented to these plaintiffs that they were the owners of an undivided one-half of said lands and that the said defendant and his children were the owners of an undivided one-half interest in and to said land, and falsely and fraudulently stated and represented to the plaintiffs that the said land was then worth not to exceed the sum of $200, and falsely and fraudulently represented to the said plaintiffs that said land was nothing more than mud flats and of little value and stated to them that he might be able to realize for them twenty-five or fifty dollars out of the sale of said land if they would execute to him a quitclaim deed thereof.   That the said plaintiffs had never seen said land and knew nothing of its character and value and relied solely upon the representations of the said defendant Wilson H. Stubbings, as to the title thereto and as to the character and value of said land; that all of the statements and representations of the said Wilson H. Stubbings in reference thereto were false and fraudulent."

Defendant by litigation defeated the tax titles, see *Fowler* v. *Stubbings*, 203 Mich. 383, and expended, necessarily, as he says, in such litigation and in paying taxes, the sum of $989.83.   The decree below quieted title to the land in plaintiffs Frank J. and Anna A. Durham, set aside the deed by plaintiffs to defendant, and ordered that plaintiffs reimburse defendant for taxes paid by him, $724.93 and interest thereon.   Defendant has appealed.

We agree with the trial court that the deed by plaintiffs to defendant was procured by fraud and that it should be set aside.

We are satisfied by a reading of the transcript of proceedings in the Illinois court that its decree, and

the stipulation and agreement of the parties, provided that title of the land in question should be in plaintiffs' mother, Petruella Durham.   The decree here rightly gives effect to the decree of the Illinois court.   Plaintiffs Frank J. and Anna A. Durham are the sole heirs at law of Petruella Durham, and as such are entitled to her property as against defendant.

But we think defendant should have the full amount of his necessary disbursements in the matter of *Fowler* v. *Stubbings, supra,* together with the total of taxes paid and with interest thereon; $989.83 will be substituted for $724.93 in the decree and the decree so modified affirmed with costs of this court to defendant.

FELLOWS, MCDONALD, SHARPE, MOORE, and STEERE, JJ., concurred.   WIEST, C. J., and BIRD, J., did not sit.