RIDGLEY v. ROMA.

1. EJECTMENT—STRICT RULES OF LAW APPLIED TO TITLES.
    In action of ejectment a plaintiff invokes strict rules of law in
    the consideration of titles.

2. SAME—RECOVERY HAD ON STRENGTH OF PLAINTIFF'S TITLE.
    In an action of ejectment, recovery of plaintiff, if any, rests
    upon the strength of his own title and not on the weakness of
    defendant's.

3. APPEAL AND ERROR—CREDITORS OF INSOLVENT ESTATE.
    Recital that ''receipts of the several persons entitled to the
    residue of said estate, acknowledging due payment to them of
    the respective amounts due them'' in order of probate court
    discharging executor of estate, made after executor had trans-
    ferred all assets of the estate to receiver who had been ap-
    pointed pursuant to a judgment creditors' bill, is assumed to
    refer to creditors whose claims far exceeded assets of the es-
    tate in absence of information as to identity of such persons,
    in action of ejectment where such order is collaterally involved.

4. EXECUTORS AND ADMINISTRATORS — INSOLVENT ESTATES — RESID-
    UARY LEGATEES—DEEDS.
    Transfer of assets of insolvent estate, to receiver appointed pur-
    suant to judgment creditors' bill, discharge of executor and
    closing of estate without subsequent reopening thereof, ended
    all possibility of participation by residuary legatees, hence,
    their subsequent quitclaim deed to plaintiff in present action
    of ejectment conveyed no vested rights under record presented
    and plaintiffs' action thereon for appointment of successor re-
    ceiver, over 23 years after any previous step in receivership
    had been taken, and obtaining a deed from such successor
    failed of vesting any title.

5. RECEIVERS — SUCCESSORS — RESERVATION OF RESIDUE IN DEED OF
    EXECUTOR OF INSOLVENT ESTATE.
    In action of ejectment by grantee of residuary legatees of in-
    solvent estate whose executor had given deed to receiver, ap-

pointed pursuant to judgment creditors' bill, of all assets, including land in question, but reserving residue, if any, to estate, where no residue is shown to have existed after satisfaction of debts, circuit court was without power to appoint a successor receiver some 25 years thereafter and direct him to execute deed of land so conveyed to grantee of residuary legatees.

Appeal from Ogemaw; Bilitzke (Edward A.), J. Submitted April 20, 1937. (Docket No. 138, Calendar No. 39,468.) Decided December 29, 1937.

Ejectment by Charles H. Ridgley and wife against Agnes Roma and Frank W. Muehlenbeck, trustee, to recover possession of land. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Earl R. Chapin* (*Dayton W. Closser,* of counsel), for plaintiffs.

*William T. Yeo,* for defendant Roma.

*David McLaughlin,* for defendant Muehlenbeck.

WIEST, J. This is an action in ejectment involving 40 acres of land in Ogemaw county, considered worthless until the recent discovery of oil. Plaintiffs claim title in fee and defendants under a claimed perfected tax title. Plaintiffs attack the validity of the tax title and defendants reply in kind. By bringing this form of action plaintiffs invoke strict rules of law in considering the titles.

Plaintiffs' recovery, if any, rests upon the strength of their own title and not on the weakness of defendants'. *West Michigan Park Ass'n* v. *Railroad Co.,* 172 Mich. 179; *Kushler* v. *Weber,* 182 Mich. 224; *Bird* v. *Stimson,* 197 Mich. 582; *Brown* v. *Eckel,* 259 Mich. 551. We, therefore, first test plaintiffs' title.

In 1902, Thomas Pitts, of Wayne county, owned the land. A judgment creditors' bill was filed against Mr. Pitts in the Wayne circuit in July, 1906, and, on May 24, 1907, a receiver was appointed. Mr. Pitts died October 28, 1907, leaving a will in which Henry M. Duffield was designated executor, and on December 18, 1907, upon probate of the will, he was so appointed. The will, after specific bequests, devised to Henry M. Duffield all the rest of the estate to hold in trust in continuing the former lumber business of the testator, and in making advancements to the children, and then provided:

"As soon as my said trustee shall have completed all active business operations in which I may be interested and paid all indebtedness connected with and arising from the same and in any event at the end of five years from the probate of this will he shall divide all of my estate between my two children Helen P. Parker and Samuel Lendall Pitts share and share alike equally and convey, transfer and deliver over to each of said children their respective shares."

The estate was hopelessly insolvent. After the death of Mr. Pitts the mentioned creditors' suit was revived against the executor and proceeded to a decree, granting plaintiff therein precedence over general creditors, and directed that the executor deliver to the receiver the assets of the estate, sufficient to satisfy the judgment. Upon appeal that decree was affirmed. *Saginaw County Savings Bank* v. *Duffield*, 157 Mich. 522 (133 Am. St. Rep. 354). At that time the 40 acres of land, here involved, was considered worthless "cut-over" land and was appraised in the inventory of the estate at a nominal value; in fact, 1,800 acres, of which it was a part, being valued as a whole at $1,000.

In compliance with the mentioned decree and order of the probate court, the executor transferred to the receiver, under the creditors' bill, by deed, dated June 8, 1910, all the property of the estate. The deed contained the following:

"Provided that upon receipt by receiver of sum found due in decree to Saginaw County Savings Bank, together with interest and costs and charges of the receivership, any proceeds remaining from sale of above described property, together with all the same not then disposed of, shall be reconveyed by said receiver to the estate of Thomas Pitts, deceased."

On August 4, 1910, the Wayne circuit court authorized the receiver to sell the properties. The record does not disclose a sale by the receiver of this parcel or any other action by him.

The executor made report of the mentioned transfer to the receiver and, on September 16, 1910, the probate court, upon a finding that the executor had turned over to the receiver, under the judgment creditors' bill, the property of the estate in his hands, and upon the filing of the receipt of the receiver acknowledging due payment to him of all the property and estate in the hands of the executor and due him as such receiver, ordered "that the said executor be and he is hereby discharged, his bond cancelled and said estate closed."

The same date the probate court also entered the following order:

"On reading and filing the receipts of the several persons entitled to the residue of said estate, acknowledging due payment to them of the respective amounts due them:

"It is ordered that Henry M. Duffield, executor of the last will and testament of said deceased, be

and he is hereby discharged, his bond cancelled and said estate closed.''

We are not informed as to the identity of ''the several persons entitled to the residue of said estate,'' who acknowledged payments of the respective amounts due them, but we may assume that they were the creditors whose claims far exceeded and, therefore, exhausted the assets of the estate. This effectually ended all possibility of participation by the residuary legatees under the will of Thomas Pitts.

Charles E. Hilton, the receiver, died March 31, 1928. We are not informed of what the receiver had done up to that time. On December 22, 1931, Helen Pitts Parker and Lendall Pitts and his wife, as sole heirs at law of Thomas Pitts, deceased, executed a quitclaim deed of the premises in suit to plaintiff Charles H. Ridgley, stating in the deed:

''This deed is intended to convey any and all interests that parties of the first part now have or might at any time obtain as the result of their being the sole heirs at law of Thomas Pitts, deceased.''

In November, 1935, plaintiff Charles H. Ridgley petitioned the circuit court for the county of Wayne, upon the footing of the last mentioned deed, alleging the death of the receiver; that none of the property had been sold by the receiver and no steps taken in the matter of the receivership since June, 1912, and averring that the judgment, under which the receiver was appointed, had long been outlawed and there was no reason for continuing the receivership, except as a means of clearing the title to the real estate; that the deed to the receiver constituted a cloud on his title which should be removed and,

for that purpose he desired to have the receivership revived and a new receiver appointed with instructions to execute a quitclaim deed of the premises to him for the purpose of removing the cloud from his title.

The day this petition was filed, without notice to any one, and without an account of the acts and doings of the former receiver in the premises, the court entered an order that Charles H. Ridgley be made an additional party defendant in the judgment creditors' suit, appointed a receiver in place and stead of the deceased receiver, and ordered such receiver to execute and deliver to Charles H. Ridgley a quitclaim deed of the premises. The receiver, so appointed, executed a quitclaim deed to Charles H. Ridgley two days later.

The transfer of the assets of the estate and the closing of the estate and discharge of the executor, in September, 1910, without subsequent reopening thereof, has, under this record, effectually ended all possibility of participation by the residuary legatees under the will of Thomas Pitts, and consequently their subsequent quitclaim deed to plaintiff Charles H. Ridgley, under this record, conveyed no vested rights and plaintiffs' action thereon for the appointment of a successor receiver and the obtaining of a deed from such successor wholly failed of vesting any title.

The reservation in the deed by the executor to Hilton provided that any residue should vest in the estate. No residue is shown and the circuit court had no power to direct the execution of a deed to plaintiff Charles H. Ridgley.

The rights, if any, of the children of Thomas Pitts as residuary legatees could not be determined in the summary manner employed by their grantee. If

the creditors' suit had died of old age it could not be galvanized into just sufficient activity to admit entrance of Charles H. Ridgley as a defendant for the sole purpose of having a successor receiver appointed to give him a deed.

Plaintiffs' rights, if any, under the quitclaim deed from the Pitts heirs cannot be founded as a matter of law upon this record and in this form of action.

We do not pass upon what, if anything, could be accomplished by a bill in equity and affordance of opportunity for all parties in interest to be heard.

Manifestly, after the discovery of oil, the plaintiffs in this case sought to acquire some interest under which they could participate, through the means of litigation, in the profits to be expected from the production of oil. Plaintiffs have not shown such title as warrants the court in granting them ouster of defendants.

Other serious questions, relative to plaintiffs' title, have been urged but we do not deem it necessary to extend this opinion beyond what we have said.

The judgment in the circuit is affirmed, with costs to defendants.

North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred with Wiest, J. Fead, C. J., concurred in the result.