BONNINGHAUSEN *v.* ROMA.

1. TAXATION—PERSONAL SERVICE OF NOTICE TO REDEEM IN OTHER COUNTIES—STATUTES—SHERIFFS.

Service of notice to redeem from holder of tax deed by deputy sheriff of county in which receiver in judgment creditor's suit against last title holder of record resided and had been appointed, which was a county other than one in which lands were located, upon such receiver *held*, valid, notwithstanding such notice failed to show it had ever been placed in hands of sheriff of county where lands lay, in view of statutory provisions for personal service in other counties (1 Comp. Laws 1929, § 3535).

2. Same—Service of Notice to Redeem Upon Receiver of Title Holder's Estate.

> Service of notice to redeem from holder of tax deed upon receiver of last title holder of record, appointed incident to judgment creditor's suit, *held*, sufficient compliance with statute under evidence showing last title holder of record dead at time of service, that probate court had approved execution of deed by executor of his estate to the receiver as required by decree of the circuit court in the creditor's suit, that decree appointing receiver was recorded in county where lands were situated as well as order made on receiver's sworn petition to sell the lands which recited that executor had conveyed them to the receiver although such executor's deed was not recorded until several years later, the receiver being the only person then having any interest in the lands in question and the only one with a right to redeem (1 Comp. Laws 1929, § 3535).

3. Same—Notice to Redeem—Parties in Interest—Heirs—Executors and Administrators.

> Purpose of statute relative to service of notice to redeem from tax sale is to require that service be made upon heirs where no executor or administrator is appointed but where an executor has been appointed, authorized to deed lands involved to receiver appointed incident to judgment creditor's suit against deceased, estate is closed and executor discharged, heirs would have no interest in the land unless some rights were retained by the executor's deed (1 Comp. Laws 1929, § 3535).

4. Same—Notice to Redeem—Last Grantee of Record—Heirs—Executors—Reservation of Surplus in Executor's Deed to Receiver.

> Where executor of estate of last title holder of record of land sold for taxes had made a quitclaim deed of such lands to receiver who had been appointed in judgment creditor's suit against deceased with a reservation of possible surplus from sale of lands in favor of estate, heirs were not entitled to service of notice to redeem from tax sale where statute merely requires service on last grantee of record, executor's deed was not recorded, and, even if it had been, service would merely have been required upon the receiver, not the heirs or executor, since they were not grantees (1 Comp. Laws 1929, § 3535).

5. Same—Notice to Redeem—Heirs—Executor's Deed to Receiver—Reservation as to Surplus.

> Under executor's deed to receiver, appointed in judgment creditor's suit against deceased, in which deed surplus of moneys or

land after payment of judgment and costs was to be returned to estate, the receiver would have been trustee of any excess after sale of the lands and accountable to the estate, not the heirs; hence heirs would not be entitled to notice to redeem from tax sale under statutory provisions relative to such notice (1 Comp. Laws 1929, § 3535).

6. SAME—TAX SALES—SUBSEQUENT STATUTES.

Sales of lands for delinquent taxes under statutes subsequently enacted are void as such statutes are prospective only in their operation.

7. SAME—NOTICE TO REDEEM—PRIOR VOID TAX DEEDHOLDERS.

Tax title purchasers are not required to serve notice to redeem on grantees of prior void tax deeds.

8. SAME—NOTICE TO REDEEM—SUFFICIENCY OF CORPORATE SIGNATURE.

Typewritten signature of corporate tax title purchaser on notice to redeem in which name of city was immediately beneath building address of its office *held*, sufficient compliance with statute notwithstanding other matter near the address of the purchaser (1 Comp. Laws 1929, § 3535).

9. CORPORATIONS—SEAL—PRIMA FACIE PROOF OF AUTHORITY.

The seal of a corporation, if affixed to an instrument, would be *prima facie* proof of due authority to execute it.

10. TAXATION—NOTICE TO REDEEM BY CORPORATE TAX TITLE PURCHASER—SEAL.

The notice to redeem given the last grantee of record by a tax title purchaser is not a contract; hence where such purchaser is a corporation, its seal need not be affixed, proper notice being all the statute relative to giving notice requires (1 Comp. Laws 1929, § 3535).

11. SAME—NOTICE TO REDEEM—PURPOSE OF STATUTE.

The purpose of the statutory provisions relative to notice to redeem from tax sale purchaser is accomplished when the necessary knowledge is acquired by the persons upon whom notice is required to be served, that is, knowledge of the facts which the form of the notice is calculated to afford them (1 Comp. Laws 1929, § 3535).

12. SAME—SUFFICIENCY OF NOTICE TO REDEEM.

Notice to redeem, given to receiver of assets of last grantee of record, appointed in judgment creditor's suit, which notice gave all the information necessary to advise the owner of the

purchase of the lands, the delinquent taxes which had been paid, and his right to redeem within six months, *held*, sufficient compliance with statute (1 Comp. Laws 1929, § 3535).

13. EJECTMENT—PLAINTIFF MUST RELY ON OWN TITLE.
   In ejectment a plaintiff must rely on the strength of his own title.

14. SAME—TAX TITLE PURCHASER—RECEIVER—BURDEN OF PROOF— NOTICE TO REDEEM.
   In action of ejectment by second successor receiver of assets of last grantee of record against present holder of tax title whose purchaser is shown to have given a proper statutory notice to redeem to the receiver who was first appointed, and who failed to redeem, plaintiff failed to sustain his burden of proving title in himself (1 Comp. Laws 1929, § 3535).

Appeal from Ogemaw; Shaffer (John C.), J. Submitted October 13, 1939. (Docket No. 98, Calendar No. 40,579.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Ejectment by Richard I. Bonninghausen, receiver, against Agnes Roma and others to obtain possession of land. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dayton W. Closser* and *Earl R. Chapin,* for plaintiff.

*Yeo & Bilitzke,* for defendants Roma and Yeo.

*David E. McLaughlin,* for defendant Muehlenbeck, trustee.

McALLISTER, J. This is an action of ejectment. Plaintiff receiver claims to be the successor to the holder of record title of certain lands upon which oil has been discovered. Defendants claim title through mesne conveyances from the holder of a tax deed. The circuit court held that plaintiff had not

proved a valid title, and directed a verdict of not guilty, upon which judgment was entered. Plaintiff appeals.

Thomas Pitts, now deceased, became the owner of the lands in question in 1902, according to the records in the office of the register of deeds of Ogemaw county. In 1906, the Saginaw County Savings Bank secured a judgment against Pitts, and in the same year filed a judgment creditor's bill in the circuit court for Wayne county, with the result that in May, 1907, the court appointed Charles E. Hilton "receiver of the property, equitable interest, things in action, money and effects" of Pitts, and provided that on filing bond, such receiver "shall be vested with all rights and powers of a receiver in said court, of the real and personal property" of Pitts. Bond was filed on May 25, 1907; certified copy of the decree was filed in the office of the register of deeds of Ogemaw county, May 11, 1911. The decree also provided that Pitts appear before the circuit court commissioner and assign, transfer, and deliver over to the receiver his real and personal property. Thomas Pitts had died prior to the filing of the decree in the office of the register of deeds; letters of administration in his estate were filed in the office of the register of deeds of Ogemaw county; and the records in his estate in the office of the probate court for the county of Wayne disclosed that the deed of the property in question had been executed and delivered by his executor to the receiver in August, 1910, in accordance with a decree of January 18, 1909, in the judgment creditor's proceedings, and that such conveyance had been approved by the probate court of Wayne county in the estate of Thomas Pitts, deceased, in July, 1910. Such conveyance was, however, not recorded in the office of the regis-

ter of deeds of Ogemaw county until August 30, 1920.

In 1912, new parties came into the case. The surviving executors of the estate of Aaron T. Bliss, deceased, filed a petition in the judgment creditor's proceedings, upon which decree had been entered as aforementioned, reciting that the claim of plaintiff, Saginaw County Savings Bank, against Thomas Pitts, was based upon a promissory note given by Pitts to Aaron T. Bliss, who by indorsement had negotiated the note to the bank; that because of the indorsement, the estate of Aaron T. Bliss, deceased, had paid the amount of indebtedness on the note to the bank; and that said indebtedness had been transferred by the bank to the executor of the Bliss estate. The petition asked that the surviving executors be substituted as complainants in the judgment creditor's suit and have the benefit thereof. Such an order was made by the Wayne circuit court, substituting such executors as complainants and providing that the suit should continue for their benefit.

Charles E. Hilton, the receiver in the judgment creditor's proceedings, died March 31, 1928, without having made disposition of the lands in question. Nothing appears to have been done in the case with reference to these lands during 23 years until on November 25, 1935, when one Ridgley filed a petition in the judgment creditor's proceedings, setting forth that heirs at law of Thomas Pitts had conveyed to him the lands in controversy by quitclaim deed and claiming that the deed from the executor constituted a cloud on title. Ridgley asked that the court appoint a new receiver, with instructions to quitclaim such lands to him, in order to remove the cloud on title.

On the filing of this petition, the court appointed Harry L. Shaberman as successor receiver in the judgment creditor's proceedings, and ordered him to execute the quitclaim deed, as requested, to Ridgley. This was done by the said receiver two days after the entry of the order by the court. Ridgley then brought suit in ejectment against one Agnes Roma who claimed title originating in a tax deed from the auditor general to the Michigan Land & Title Company, dated August 31, 1910, and through mesne conveyances thereafter until she secured a deed on October 5, 1921. Since that time she had paid the taxes on such premises. In the ejectment suit, which was appealed to this court, it was held that Ridgley received no title by virtue of his quitclaim deed from Shaberman.

After the above decision in this court in *Ridgley* v. *Roma*, 282 Mich. 682, Shaberman petitioned the Wayne circuit court in the judgment creditor's proceedings for permission to resign as receiver, stating that he had received nothing and disbursed nothing as such receiver; and an order was thereupon made accepting such resignation.

On January 5, 1938, another proceeding was started. Aaron T. Bliss, an heir at law of Luman A. Bliss, one of the residuary legatees named in the will of Aaron T. Bliss, deceased, filed a petition in the judgment creditor's proceedings for himself and on behalf of any other residuary legatees desiring to join, asking the court to appoint a receiver as successor to Richard Shaberman, successor of Hilton, and setting forth that if it were deemed necessary, an administrator *de bonis non cum testamento annexo* in the estate of Aaron T. Bliss, deceased, would be appointed, and prayed that, in this event, such administrator might intervene. Thereupon an order was made, appointing Richard L. Bonning-

hausen as receiver, authorizing him to bring such suit as might be deemed necessary to recover from those claiming adversely the lands involved in the instant case; and the present suit in ejectment was authorized. Bonninghausen was also appointed administrator *de bonis non* of the estate of Aaron T. Bliss by the probate court of Saginaw county; and an order was entered in the circuit court of Wayne county, in chancery, in the judgment creditor's proceedings, authorizing Bonninghausen to be joined as a party plaintiff in his capacity as such administrator.

In brief, then, plaintiff receiver, Bonninghausen, claims that he succeeds to the title theretofore held by Charles E. Hilton, receiver of the real estate of Thomas Pitts, in the judgment creditor's suit brought by the Saginaw County Savings Bank on its judgment against Pitts. Defendant claims that while Hilton, as receiver, was heretofore the owner of the real estate in question, by virtue of his appointment as receiver of all the property of Pitts in the judgment creditor's proceedings, nevertheless he lost the title to the lands in question by reason of delinquent taxes, failure to redeem therefrom, and tax deed from the auditor general to defendant's predecessor. There is no question or claim made in this case on the part of anyone of claim of title by adverse possession.

The controlling question in the case, therefore, is whether Hilton, as receiver, lost title to the lands in question by failure to redeem from a sale made by the State for delinquent taxes by virtue of which the tax deed of August 31, 1910, was issued.

Plaintiff claims that his predecessor receiver, Hilton, did not lose title to the lands through the tax sale because of the following reasons: (1) the notice to redeem served on Hilton by the Michigan

Land & Title Company, purchaser of the tax deed, does not show that it was ever in the hands of the sheriff of Ogemaw county; (2) the notice does not show service on the owner named in the last recorded deed in the regular chain of title according to the records in the office of the register of deeds of Ogemaw county; (3) the notice does not show service on a certain individual who acquired a tax deed in 1881, or upon his grantee; (4) the notice had no sufficient signature.

With regard to appellant's claim that the notice should have been placed in the hands of the sheriff of Ogemaw county for service, the statute provides that service shall be made by the sheriff of the county where the person sought to be served may be found, and return of service made by the sheriff, undersheriff, or deputy sheriff of such county. 1 Comp. Laws 1929, § 3535. In this instance, the notice was served in Wayne county by a deputy sheriff thereof. Appellant's objections thereto are without merit.

It is, however, contended that service of the notice to redeem was defective because not served upon the owner named in the last recorded deed in the regular chain of title. The law in effect relating to notice in 1911 was Act No. 270, Pub. Acts 1909, amending Act No. 229, §§ 140, 141, Pub. Acts 1897, being 1 Comp. Laws 1929, § 3535, and provides that a writ of assistance shall not issue—

"Until six months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county showing that he has made personal service of a notice, or proof of substitute service thereof, as hereinafter provided, *upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or*

*grantees in the regular chain of title of such lands,*
or of any interest therein, at the date of the delivery
of such notice to the sheriff for service,'' et cetera.

At the time of service of the notice, Thomas Pitts
was deceased. He was the last grantee named in a
deed in the chain of title; but it appeared on record
in the office of the register of deeds that Charles E.
Hilton was the owner of the premises by decree of
court in the judgment creditor's proceedings, which
decree was on file in the office of the register of deeds
in Ogemaw county. It also appeared that, according
to such decree, Thomas Pitts had been ordered to
transfer the real estate to the receiver by deed; but
such deed did not appear to be filed.

Upon whom, then, should the notice to redeem
have been served? Plaintiff says that the sheriff,
failing to serve Thomas Pitts, and learning of his
death, should have examined the records in the mat-
ter of his estate in the probate court of Wayne
county and have ascertained who the heirs of Pitts
were, and thereafter have caused service of notice
to have been made upon them, wherever they re-
sided. If the officer had made an examination of such
records, he would have found that the probate court
had approved the giving of a deed by the executor
of the estate of Thomas Pitts to the receiver; that
such a deed had actually been executed and deliv-
ered; that the estate of Thomas Pitts had been closed
and the executor had been discharged. It did not
appear what disposition was made with regard to
$22,809.19 of debts against the estate.

From such records it would not have appeared
that any heirs at law had any interest in the estate;
but, rather, that the only person having any interest
in the lands as far as the estate was concerned was
the receiver to whom the executor of Pitts, under
direction of the court, had delivered a deed. Under

such circumstances the officer, in attempting to make service, would have found that Hilton, the receiver, was the only person having any interest in the lands in question, not only from the deed approved by the probate court but also from the decree of the Wayne circuit court appointing Hilton receiver of all of Pitts' real estate.

Appellant maintains that there was no proof that Hilton had received the deed from the executor of Pitts at the time that notice to redeem was served upon him, but the record discloses that on August 3, 1910, Hilton had filed a sworn petition in the Wayne circuit court in the judgment creditor's proceedings, setting forth that the executor of Thomas Pitts had conveyed to the receiver the land in question in compliance with the court's decree; and the order of the court, entered on such petition, authorized Hilton to sell the same described lands. Notice to redeem was served upon Hilton on May 22, 1911. From the foregoing we can assume that Hilton had the deed from Pitts' executor in his possession at the time such notice was served upon him.

In *Weston* v. *Moore*, 265 Mich. 165, 170, plaintiff was purchaser of a tax title on lands in Chippewa county and brought suit to quiet title. Appellant contested plaintiff's title, on the ground that notice to redeem was not served upon him as the last grantee, according to a previous tax deed. It appeared that defendant had conveyed his interest to another, upon whom service was made. In disposing of defendant's claim, the court said:

"Appellant further claims that the service was incomplete because there was no service upon him, the grantee named in the tax deed of record for the latest year's tax. Defendant, prior thereto, had already assigned to Belding, on whom service was made. 1 Comp. Laws 1929, § 3535, states that the

service shall be made 'upon the grantee or grantees under the tax deed issued by the auditor general for the latest year's tax then appearing of record in said registry of deeds.' Belding, defendant's assignee, was properly served. To hold such service insufficient would lead to a ridiculous result. It would mean that the party who no longer has any interest in the property must be served, to the exclusion of those who have acquired his interest.''

The court, in the above case, held that in spite of the language of the statute requiring notice upon the grantee under the tax deed for the latest year's taxes, such service was not necessary where notice was served upon the party to whom he had conveyed his interest.

In *Price* v. *Stark,* 259 Mich. 407, it was held that it was not necessary for a purchaser of State tax homestead land to serve notice to redeem from a tax sale upon the last grantee of record in the chain of title or upon the grantee under the tax deed issued by the auditor general for the latest year's taxes then appearing of record, although the strict language of the statute required such notice. The decision was based upon the ground that where the State had acquired absolutely the rights of former owners by determination that such lands, because of delinquent taxes, were State homestead lands, the legislature did not intend that a purchaser from the State should serve notice to redeem on parties who had no right to redeem.

In *Mercer* v. *Stephens,* 185 Mich. 290, it was held that a notice to redeem from taxes which was served upon a grantee who did not appear to be the last grantee in the regular chain of title, because of a break in the chain caused by failure to record a previous conveyance, was sufficient to comply with the statute requiring service on the last grantee in

the regular chain of title according to the records of
the register of deeds where the conveyance perfect-
ing the chain of title was filed after service of no-
tice. It was contended by the appellant that the
notice should have been served upon the last grantee
appearing on the records before the break in the
chain of title. But the court said: ''We must con-
clude * * * that John Chinkwam was the grantee
in the last recorded deed in the regular chain of title.
The title was complete, but the record lacked the
Risden deeds, which were subsequently, and before
this suit was begun, placed of record. We think this
was a substantial compliance with the provisions of
the statute.''

In the instant case, the officer could not have
served the notice on Pitts, for he was dead. He
could not have served it upon the executor of Pitts
because the estate was closed and the executor was
discharged. It was unnecessary to serve upon the
heirs at law of Pitts, for according to the records in
probate court, the executor had conveyed the lands
to Hilton and none of the heirs appeared to have, or
actually had, any interest in the lands entitling them
to service. Moreover, plaintiff claims that neither
Pitts nor his estate nor his heirs had any interest in
the lands at the time of service of notice, and rests
his entire claim upon the fact that Hilton, the re-
ceiver, was the only person that had any interest in
the lands at that time; and Hilton was served. No
one is making any complaint or raising any question
with regard to the service except plaintiff; and plain-
tiff insists that the notice should have been served
upon the executor, or heirs of Pitts, who admittedly
had no interest in the lands, rather than upon plain-
tiff's predecessor, who, he admits, was the only par-
ty having any interest whatever in the property. To
sustain such a contention would mean that the party

who is known to have no interest in the property must be served to the exclusion of the party who appears by all available records to be, and is conceded to be, the real owner.

Appellant's claim that, in view of the death of Pitts, notice should have been served upon his heirs is based upon that portion of the statute reading:

"'Provided further, That if any person entitled to notice as hereinbefore provided is dead, or if his estate shall be under control of a trustee or guardian, then and in such case notice as hereinbefore provided may be served upon the executor or administrator of said deceased person, or upon his heirs, if there be no executor or administrator, or upon the trustee or guardian of any incompetent person, with like effect as if served upon the grantee, mortgagee, or assignee.'' 1 Comp. Laws 1929, § 3535.

It would appear that the plain intent of such provision is that service is to be made upon heirs where no executor or administrator is appointed. The purpose is to give notice to persons who may have an interest in the lands. But an executor had been appointed in this estate, had closed the estate, and had been discharged; and from the records of the probate court, it appeared that the court had authorized the conveyance of the lands by the executor to the receiver. It is obvious, therefore, that the heirs at law of Thomas Pitts had no interest in these lands after the conveyance thereof by the executor unless some rights were retained to them by the terms of the executor's deed.

In this regard, appellant says that such heirs were entitled to notice because it appeared from the provisions of the deed, given by the executor of the Pitts' estate to the receiver, that there were conditions therein entitling them to a reserved interest in

the lands.   The quitclaim deed from the executor
included the following provision:

"Provided that upon receipt by receiver of sum
found due in decree to Saginaw County Savings
Bank, together with interest and costs and charges
of the receivership, any proceeds remaining from
sale of above described property, together with all
the same not then disposed of, shall be reconveyed
by said receiver to estate of Thomas Pitts, de-
ceased."

It is argued by appellant that the above provision
constituted a reservation of interest in the lands to
the heirs at law of Thomas Pitts, and that if the deed
had been filed, they would have thereby been entitled
to notice to redeem.   It is contended that such notice
was required because the tax title purchaser would
have had knowledge of the interest of the heirs from
such deed, if recorded.

In determining this question we must again refer
to the statute.   If, by virtue of the above provision
in the executor's deed to Hilton, it be considered that
there was a conditional reservation of interest in
such lands to the heirs, service upon them would not
have been necessary under the provision of the stat-
ute requiring notice to be served upon the adminis-
trator, executor, or heirs at law of a party appear-
ing to be the last grantee in the recorded chain of
title.   For if the deed had been filed, Pitts would
not have appeared to have been the last grantee in
the chain of title, according to the records in the
office of the register of deeds; and the statute pro-
viding for service upon the administrator, or heirs,
of a deceased person who was the last grantee in the
regular chain of title according to such records
would be inapplicable.   The heirs at law were not
persons appearing as last grantees.

Even if the deed from the executor had been filed, the executor would not have been entitled. to notice merely because of the conditions in the deed. It is true that we have held that grantors reserving mineral interests in lands remain "grantees" within the meaning of the statute until they convey such interest. *Hansen* v. *Hall,* 167 Mich. 7; and likewise in the case of reservation of timber rights. *Dunn* v. *Papenfus,* 202 Mich. 131. But in these cases title to such rights was reserved. In the instant case, all title passed by the deed to the receiver, with an agreement to reconvey any lands which it was not necessary to sell to satisfy the judgment. The executor, having parted with all title as grantor, could not be considered to remain a grantee merely because of the stipulations in the deed; and certainly the heirs at law could not be held to be "last grantees," entitled to notice under the statute, because of these reservations on behalf of the estate. The statute does not require service upon "parties appearing to have an interest," but only "upon the person or persons appearing by the records in the office of the register of deeds * * * to be the last grantee or grantees * * * of such lands, or of any interest therein." The fact is that the provisions of the deed contain no reservation of interest to the heirs, but must be construed as an agreement with the estate. The receiver, accepting the deed under the conditions named, would have been a trustee for the estate for' any funds received by him for the sale of land in excess of the amount necessary to pay the judgment and for such lands remaining in his hands thereafter. He was not obliged to account to the heirs, but to the estate. Such heirs would have no interest, by virtue of the provisions of the deed, which would entitle them to notice according to the language of the statute; nor would the executor, if

the deed had been filed, have been, in legal contemplation, a "last grantee" within the meaning of the statute, by virtue of the provisions in the deed.

With both notice of the death of Pitts as well as the order of the circuit court decreeing Hilton to be the owner of the real estate in question filed in the office of the register of deeds, and the order approving the giving of the deed by Pitts' executor to Hilton appearing in the records of the probate court for Wayne county, the Michigan Land & Title Company properly caused service of notice to redeem to be made upon Hilton, and such service was sufficient and complied with the statute in every way in which it could possibly have been done under the circumstances.

Objecting further to the service of notice on the grounds of its invalidity, plaintiff urges that it was defective for the reason that there was no showing of service upon Morrill Beckett who, according to the records in the register's office, acquired a tax deed from the auditor general in the year 1884; and that there was no showing of service upon Beckett's grantee, Sanford Bradford.

In answer to plaintiff's contention, defendants assert that service of notice upon such parties was not necessary because of the fact that the tax deeds, under which they appeared to be grantees, were void, and service of notice upon grantees in such void deeds is unnecessary. The sale under which such tax deed was issued was for delinquent taxes for the year 1881, and was made in accordance with the provisions of a statute passed in 1882. Sales of lands for delinquent taxes under statutes subsequently enacted are held to be void for the reason that such statutes are prospective only in their operation. *Ball* v. *Busch,* 64 Mich. 336; *Norris* v. *Hall,* 124 Mich. 170; *Nowlen* v. *Hall,* 128 Mich. 274. Furthermore, it

is not claimed by appellant that the tax deed in question was valid. Tax title purchasers are not required to serve notice to redeem on grantees of prior void tax deeds. *Griffin* v. *Jackson,* 145 Mich. 23 (9 Ann. Cas. 74). The tax deed to Beckett being void, it was not necessary to serve notice to redeem upon Beckett or his grantees.

Appellant urges that the notice served by the Michigan Land & Title Company upon Hilton was not properly signed. It is claimed by appellants that the typewritten signature and address of notice reads:

"The Michigan Land and Title Company,

Charles E. Hilton,    Place of business    410 Moffat Block,

To Receiver for Creditors of Thomas Pitts Estate, Detroit, Michigan"

It is claimed that such notice did not reveal where the place of business of the purchaser was located. An examination of a photostatic copy of the original notice shows that at the place of signature, the name of the company is typed on the first line. On the second line, under such name and following the printed words, "place of business," is the address, "410 Moffat Block;" and on the line directly underneath is typed: "Detroit, Michigan." These words on the third line, however, are preceded to the left part of the page by the printed word: "To," followed by the typewritten words: "Receiver for creditors of Thomas Pitts estate," the name "Charles E. Hilton" being typed directly above the words "receiver for creditors." There can be no doubt that "Detroit, Michigan," is part of the address of the purchaser, following directly beneath the building address, and is not to be read as the address of the receiver merely because it followed, in the same line,

his name and title. On the printed form of notice there was not sufficient space on the dotted line following the printed words, "place of business," to include both building address and city of location. It was the natural thing to write the name of the city directly beneath the building address; and there could be no conceivable reason to write in the address of the city after the name of the receiver. It was not required, and would have been entirely useless; and with regard to this consideration, we find such signature to have been sufficient.

Moreover, it was not necessary to have affixed the seal of the corporation to the notice. Such a seal would have been *prima facie* proof of due authority. But such authority is not in question here. The notice was not a contract. The signature purported to be that of the company; and all that was required by the statute was that proper notice be given.

"The purpose of the act is accomplished when the necessary knowledge is acquired by the persons upon whom notice is required to be served. What the statute aims to have communicated to owners of land is knowledge of the facts which the form of the notice is calculated to afford them." *Duncan Land & Mining Co.* v. *Rusch,* 145 Mich. 1, 6.

The notice in this case gave all the information necessary to advise the owner of the purchase of the lands, the delinquent taxes which had been paid, and his right to redeem within six months.

In ejectment, the plaintiff must rely on the strength of his title. *Ridgley* v. *Roma, supra.* In this case, the receiver did not sustain the proof necessary to prove such title in him.

Judgment affirmed, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.