Imogene Edla WHETSTONE, Plaintiff,

v.

MICHIGAN CONSOLIDATED GAS COMPANY, a Michigan Corporation, Defendant and Third-Party Plaintiff,

v.

LAKE PROPERTIES, INC., a Michigan Corporation, Charles B. Ervin, G. B. Stanfield and Iral Philips, Administrator W.W.A. of the Estate of Ray Roe, Deceased, Third-Party Defendants.

Civ. No. 20023.

United States District Court
E. D. Michigan, S. D.

June 17, 1963.

Frederick W. Fox, Walter M. Nelson and Samuel C. Kovan, Detroit, Mich., for plaintiff.

A. D. Ruegsegger, Lewis M. Slater, Dyer, Meek, Ruegsegger & Bullard, Detroit, Mich., for defendant and third-party plaintiff, Michigan Consolidated Gas Co.

Donald H. Worcester, Worcester, Worcester & Schinderle, Big Rapids, Mich., for third-party defendants.

FREEMAN, District Judge.

This is a diversity action filed by plaintiff to recover from defendant for the wrongful and unauthorized use of certain lands allegedly owned by plaintiff, situated in Lincoln Township, Clare County, Michigan, described as follows: the North one-half ($\frac{1}{2}$) of the Southeast one-quarter ($\frac{1}{4}$) of Section Thirty (30), Township Eighteen (18) North, Range Five (5) West, containing 80 acres more or less. Defendant denies the alleged use of such premises, but asserts ownership and, consequently, the right to use certain strata or formations underlying the surface of said lands pursuant to a warranty deed from the third-party defendant, Lake Properties, Inc.

The case is now before the Court to determine only this issue of title. The third-party defendant, Lake Properties, Inc., is the defendant's warranting grantor of the strata in question with certain surface easements, while the individual third-party defendants are the last directors of the presently dissolved corporate third-party defendant.

The plaintiff's claim of title is based on three theories: (1) from 1857 to date, there is an unbroken chain of valid conveyances down to her, and the various tax deeds under which the defendant claims title are invalid; (2) plaintiff is the last recorded grantee of a series of conveyances from one, John A. Thompson, who received and perfected his 1929 tax title; and (3) plaintiff and her predecessor in title have paid the taxes on the 80-acre tract from the years 1936 to 1962 and, therefore, under the provisions of M.S.A. § 7.119(1), Comp.Laws 1948, § 211.73b, defendant cannot be heard to challenge her title.

The defendant's claim of title is based upon the fact that it is a successor in interest to the alleged tax title of one, Joseph F. Leverton. His title is based on (1) a 1906 deed from one, Warren L. Phelps, who was the grantee of a 1906 tax title from the State of Michigan and the subsequent grantee of another 1906 tax title; and (2) a 1901 tax deed from the State, which was subsequently lost and remained unrecorded until 1940, when a replacement deed was issued to Leverton.

It is not disputed that the plaintiff is the last grantee in a series of connected conveyances dating back to 1857 and, consequently, the initial problem this Court must resolve is whether either one of Leverton's two tax titles was properly perfected in order to divest plaintiff and her predecessors in interest of their title.

The first Leverton tax title that will be considered is the 1906 conveyance from Phelps. In 1905 and 1906, the following events transpired. On July 1, 1905, the State conveyed the 80-acre tract to one, W. Henry Wilson, for failure of the record owner to pay the 1901 taxes, and on July 28 of that year, that tax deed was recorded. However, Wilson never served the required statutory notice of reconveyance. On June 25, 1906, the State conveyed the 80 acres to Warren L. Phelps for failure of the record title holder to pay the 1902 taxes, and this deed was recorded July 19, 1906. But Phelps also failed to serve the requisite notice of reconveyance. On July 19, 1906, Wilson quitclaimed his interest to

Phelps, and this transfer was recorded on that day. Finally, on the same day, Phelps quitclaimed his interest to Leverton, and this conveyance was recorded in 1908.

The Michigan Supreme Court has consistently held that where a grantee of a tax deed fails to give the required statutory notice of reconveyance (presently M.S.A. § 7.198, Comp.Laws 1948, § 211.-140) or gives insufficient notice, such grantee acquires no title to the premises. St. Helen Resort Association, Inc. v. Hannan, 321 Mich. 536, 33 N.W.2d 74 (1948); Williams v. Olson, 141 Mich. 580, 104 N.W. 1101 (1905); Huron Land Co. v. Robarge, 128 Mich. 686, 87 N.W. 1032 (1901); Corrigan v. Hinkley, 125 Mich. 125, 83 N.W. 1020 (1900).

In the instant case, neither Wilson nor Phelps perfected his tax title by serving the requisite notice of reconveyance which rendered the titles void. Consequently, the title of Leverton and the defendants, based on the Wilson and Phelps tax deeds, is invalid.

Leverton's other tax title stems from the following facts. On September 5, 1901, the State conveyed the premises by tax deed to Leverton for 1895, 1896 and 1897 unpaid taxes. This deed was lost and not recorded, but on June 27, 1940, a replacement deed was issued by the Auditor General which was recorded on August 9th of that year. Leverton sent two notices of reconveyance by registered mail, return receipt requested, to Edla M. Preston, the record title holder, who was plaintiff's grandmother. These notices were sent to Edla M. Preston's residence in Beloit, Wisconsin. The first notice was sent on November 21, 1901, and the return receipt, postmarked November 30, 1901, at Beloit, was signed as follows:

"Edla Preston
Estelle Preston".

Estelle Preston was Edla's daughter. The second notice of reconveyance was sent to Edla M. Preston on February 11, 1902. The return receipt for this notice was postmarked February 25, 1902, at Beloit, and signed as follows:

"Mrs. Edla Preston
Irena Preston".

Irena Preston was a great aunt of the plaintiff.

Plaintiff contends that Leverton's 1901 tax title is invalid for four reasons: (1) there is no proof that those who signed for Edla M. Preston were her authorized agents; (2) the notices of reconveyance include the 1889 tax, which was cancelled by the State; (3) Leverton did not apply for a replacement deed for the lost 1901 deed until 1940, and the replacement deed recites the fact that Leverton had in his possession the 1901 tax certificate issued him which, by reason of M.S.A. § 7.119(1) (§ 73b), was void, since it was not presented to the Auditor General within 90 days after the effective date of that statute; and (4) the 1901 tax deed was not recorded until 1940 and, consequently, for 39 years the owners of the fee had no constructive notice from the record of the existence of this tax title.

The plaintiff's various grounds of attack upon Leverton's 1901 tax title will be discussed in the order enumerated.

█ A fair and reasonable inference can be drawn that the signers of the two notices of reconveyance sent to Edla M. Preston signed for her in the capacity of an agent. Certainly there was a purported agency relationship indicated and, consequently, the decision of Fowler v. Stubbings, 203 Mich. 383, 169 N.W. 17 (1918) is not applicable. In that case the son, W. H. Stubbings, Jr., only signed his name and did not sign his father's name, which would have given rise to a purported agency. The Court, 203 Mich. at p. 387, 169 N.W. at p. 18 of Fowler v. Stubbings, supra, indicated that the receipt was not signed by the father, nor by anyone purporting to act as his agent. The case of Crozier v. Scott, 237 Mich. 361, 211 N.W. 634 (1927), upon which plaintiff also relies, turns on the fact that the addressee of the registered letter testified that he never received notice,

even though the receipt was signed by a purported agent. In the instant case, there is no such testimony and, consequently, the service must be presumed valid.

■ It is not disputed that Leverton was required to pay the 1889 taxes in the amount of $3.80 to the State as a condition of his acquiring a tax deed for the 1895, 1896 and 1897 delinquent taxes. Consequently, the 1889 tax is part of the purchase price which must be redeemed. Masters v. John Widdicomb Co., 221 Mich. 249, 190 N.W. 629 (1922); Triangle Land Co. v. City of Detroit, 204 Mich. 442, 170 N.W. 549, 2 A.L.R. 1526 (1919), and, therefore, the inclusion of this amount in the Leverton notices of reconveyance to Edla M. Preston did not render such notices invalid.

■■ Plaintiff's third ground of attack upon Leverton's 1901 tax title is not tenable, since M.S.A. § 7.137, Comp.Laws 1948, § 211.83 expressly states that a replacement deed "shall have the same force and effect" as the original or lost deed. Section 7.119(1) M.S.A., upon which plaintiff relies, was only intended to apply to the situation where a tax certificate, issued prior to September 28, 1907, had never been presented to the auditor general or his deputy, as prescribed in M.S.A. § 7.117, Comp.Laws 1948, § 211.72, which specifically states that on presentation of the tax certificate, the auditor general or his deputy shall execute and deliver to the purchaser a deed to the land described in such certificate. It is undisputed that in 1901, Leverton received a tax deed to the 80, acres. From this uncontroverted fact, it is reasonable to conclude that the tax certificate was presented to the auditor general, since this Court must proceed on the premise that the latter would not have issued such tax deed unless the statute, which was then in effect, had been complied with. In other words, the instant case is not governed by M.S.A. § 7.119(1) but by M.S.A. § 7.137, since the tax certificate was presented and the deed, which was subsequently lost, was issued, and the latter statute contains no requirement that a replacement deed must be applied for within any given period of time in order for it to have the same force and effect as the original deed.

■ Leverton's 1901 tax deed was lost and never recorded. His replacement tax deed was recorded August 9, 1940. However, with the exception of a 1929 tax deed to one, John A. Thompson, from the State, there does not appear to be any good faith purchaser until August 31, 1940, when the lands in question were conveyed to plaintiff by her mother, which is subsequent to the date Leverton recorded his tax deed. There was a transfer of title in 1935 when plaintiff's mother inherited the property. However, an unrecorded deed is only invalid as against a purchaser who takes without knowledge of such deed, Smelsey v. Safety Investment Corp., 310 Mich. 686, 17 N.W.2d 868 (1945), and a person who takes by inheritance or without having given any consideration is not a good faith purchaser. 26 C.J.S. Deeds § 74, p. 801. Therefore, Leverton acquired a valid tax title to the premises involved in the instant case, and the fact that he did not record his notices of reconveyance until 1960 is of no consequence, since there is no statutory requirement for recording.

However, Thompson received a tax deed from the State in 1929, and in 1930 he served the requisite notice of reconveyance on various individuals whose names appeared in the records, with the exception of Francis F. Leverton. As far as Leverton's 1901 tax title was concerned, it was not recorded until 1940, and, therefore, Thompson had no constructive knowledge of that tax deed. Nor is there any evidence that he had actual knowledge of such deed. Since 1897, the pertinent statutes regarding service of the notice of reconveyance only have required service upon the record owners. See history to M.S.A. § 7.198.

■ However, the defendant argues that Thompson should have served the notice of reconveyance upon Leverton,.

because the latter appears as the ultimate grantee of the Phelps and Wilson interests. This Court has already held that the interests of both Phelps and Wilson were void, since neither one had served the statutory notice of reconveyance. As Justice McAllister said in Bonninghausen v. Roma, 291 Mich. 603, 620, 289 N.W. 921, 926 (1939):

"Tax title purchasers are not required to serve notice to redeem on grantees of prior void tax deeds. Griffin v. Jackson, 145 Mich. 23, 108 N.W. 438, 9 Ann.Cas. 74. The tax deed to Beckett being void, it was not necessary to serve notice to redeem upon Beckett or his grantees."

Consequently, Thompson, in 1929, acquired valid title to the 80 acres in question and the plaintiff, who claims under him, is the owner of a valid fee simple title.

■■■ Even if Thompson did not acquire title in 1929, plaintiff has acquired title by the fact that she paid the taxes on the property involved for at least a period of five years preceding this action. M.S.A. § 7.119(1) provides in pertinent part:

"No action based upon any tax deed executed by any officer of the state of Michigan prior to September 28, 1907, shall be maintained in any court to recover lands in this state or to establish, maintain, or recover any interest therein against any person in possession thereof who, or whose predecessors in interest, shall have paid or caused to be paid all taxes regularly assessed against said lands for a period of at least [five] 5 consecutive years next preceding the date when such action is brought and who claims said land under a connected chain of title from the person who was the last grantee in the regular chain of title of said lands at the time said tax deed was executed, unless said action shall be brought within [one] 1 year from and after the effective date of this act.

"In the case of unoccupied, unimproved, and uninclosed lands a person shall be deemed to be in possession of such lands for the purposes of the preceding paragraph whenever he or his predecessors in interest shall have paid or caused to be paid all taxes regularly assessed against said lands for a period of at least [five] 5 consecutive years next preceding the date when action is brought against him." (Effective June 16, 1941.)

The defendant makes the rather ingenious argument that since it is not bringing the action, the statute is not applicable. This same question arose in the analogous case of Chapin, et al. v. Freeland, 142 Mass. 383, 8 N.E. 128 (1886). In that case, plaintiffs had acquired title to two counters which formerly belonged to the defendant by adverse possession under the applicable statute of limitations. The defendant, using self-help, took the counters from plaintiffs' possession, and the latter sued to replevy them. The defendant raised the argument that the statute of limitations speaks only in terms that limit the bringing of an action. Mr. Justice Holmes answered this argument as follows:

"What we do decide is that, when the statute would be a bar to a direct proceeding by the original owner, it cannot be defeated by indirection within the jurisdiction where it is law. If he cannot replevy, he cannot take with his own hand. *A title which will not sustain a declaration will not sustain a plea.*

"It is true that the statute in terms only limits the bringing of an action. But, whatever importance may be attached to that ancient form of words, the principle we lay down seems to us a necessary consequence of the enactment." (Emphasis supplied.)

If this Court were to accept the defendant's argument, it would result in the anomaly that both the plaintiff and defendant have title to the land involved.

The legislature could not have intended such a result. The legislative purpose was obviously to extinguish all titles which were based on any tax deed executed prior to September 28, 1907, where those claiming under such a deed have failed to bring an action against anyone in possession of the property or his predecessors in interest who have paid the taxes for a period of five consecutive years, unless the action is brought within one year from June 16, 1941, the effective date of the Act, and to vest title in the possessor of the property who has paid the taxes for the requisite five-year period. It is not disputed that the plaintiff and her predecessor in title have paid the taxes since 1936, some 26 years, and that the plaintiff is in possession of this unoccupied, unimproved and uninclosed land by virtue of the fact that she has paid the taxes for at least five consecutive years.

An appropriate order may be submitted.