HANSEN *v.* HALL.

1. TAXATION — NOTICE — REDEMPTION — MINES AND MINERALS — GRANTEE—TAX TITLE.

   Until the holder of a tax deed serves notice upon the owners of a mineral estate in lands, that was reserved in a deed executed by them, as well as upon the owners of the surface rights, the right of redemption from the tax purchase remains to all. (1 Comp. Laws, § 3959, Act No. 270, Pub Acts 1909.)

2. SAME.

   The ownership of undiscovered minerals constitutes an estate in the land.

Appeal from Iron; Flannigan, J. Submitted June 16, 1911. (Docket No. 78.) Decided September 29, 1911.

Bill by Olaf Hansen against Stephen C. Hall, Alfred B. Stryker, Arthur A. Juttner, and Fred S. Norcross to quiet title to lands. From a decree for defendants, complainant appeals. Affirmed.

*Isaac W. Byers*, for complainant.

*Charles H. Watson*, for defendants.

Complainant is the holder of a tax title upon certain lands described in the bill of complaint and seeks a decree quieting title to the lands in himself. Defendants, by their answer and cross-bill, admit that complainant is the owner of the tax title covering the lands in question, but aver that complainant has failed to give the statutory notice required by Act No. 229 of the Public Acts of 1897 (1 Comp. Laws, § 3959), as amended. This statute requires that service be made "upon the grantee or grantees under the last recorded deed in the regular chain of title and the mortgagee or mortgagees named in all undischarged recorded mortgages or any assignee thereof of record." It appears that on February 9, 1895, the trustees of the estate of Joseph Juttner, deceased, were the owners in fee simple of the lands in question, under deeds duly recorded. On that day they executed a quitclaim deed of said lands to one Henry E. Martin. This deed contained the following exception and reservation, and was likewise duly recorded:

"Excepting and reserving unto the said parties of the first part, their heirs and assigns, from the operation and effect of this conveyance, their present respective rights and interests in all the metals, minerals, or ores, which are in or upon or under said lands, together with the full right at all times to enter in and upon said lands, or any, part thereof, to search for and to mine and to take and remove therefrom any and all such metals, minerals, or ores."

Complainant served the statutory notice upon the holders of the title conveyed by the quitclaim deed, but did not serve the notice upon the holders of the estate

reserved. Defendants tendered the amount of the taxes with the statutory premium and charges and prayed for a decree compelling reconveyance. The record contains no evidence as to whether or not minerals actually underlie the lands in question. From a decree in favor of defendants, complainant has appealed.

BROOKE, J. (*after stating the facts*). The only point involved is this: Must the holder of a tax title serve the statutory tax notice upon the record owners of the title to the minerals reserved?

We have held that the ownership of undiscovered minerals constitutes an estate in the land. *Negaunee Iron Co.* v. *Iron Cliffs Co.*, 134 Mich. 264 (96 N. W. 468).

It is contended by complainant that the words "grantee or grantees under the last recorded deed in the regular chain of title" cannot be so construed as to compel service upon the *grantors* in the quitclaim deed containing the reservation.

We think the position untenable. As to the estate reserved, the grantors in that deed remain grantees under the recorded conveyance to them until they convey, and as such are entitled to the statutory notice.

Until this notice is duly served upon each part owner and the statutory proof thereof is made and filed, the right to redemption remains to all. *White* v. *Shaw*, 150 Mich. 270 (114 N. W. 210); *Dolph* v. *Norton*, 158 Mich. 417 (123 N. W. 13).

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.