MERCER v. STEPHENS.

1. TAXATION—REDEMPTION—QUITCLAIM DEED—RIGHT OF GRANTEE
—TAX TITLE.

A daughter, as heir of one who held regular title of real
property, was entitled to redeem from the tax purchase,
where the records of the probate court showed that she
had been adjudged to be the sole heir of such owner:
complainant, who purchased from the daughter by quit-
claim deed, acquired the interest she had and *prima facie*
was entitled to maintain a bill to redeem.

2. SAME — NOTICE TO REDEEM — SERVICE — GRANTEE IN REGULAR
CHAIN OF TITLE.

Where there was a break in the regular chain of title
because of the omission to record a deed which was
placed upon record after the commencement of suit to
redeem, there was a sufficient showing to justify the
service of notice to redeem upon the last grantee in such
regular chain of title after the alleged break.

3. SAME—NAMES—IDEM SONANS.

Where the notice was served upon John Chingkuom, who
was the last grantee in the regular chain of title, but
the name which appeared in the notice was spelled
"Chinkwam," and the person so named was unable to
read or write, and his name was pronounced as if spelled
"Chinkwam," he was sufficiently identified for the pur-
pose of serving notice to redeem.

4. SAME—ESTATES OF DECEDENTS—REDEMPTION.

Although the person to whom notice to redeem was di-
rected had died, where the sheriff returned that after
diligent search he was unable to obtain service upon or
to learn the address of the decedent, or his heirs, or per-
sonal representatives, etc., the return of the sheriff must
be accepted as final, and sufficiently authorized the pub-
lication of the notice as required by statute.

Appeal from Mason; Withey, J.   Submitted Feb-
ruary 11, 1914.   (Docket No. 177.)   Decided April 6,
1915.

Bill by Vic N. Mercer against Thomas S. Stephens to redeem from a purchase of lands for delinquent taxes. From a decree for complainant, defendant appeals. Reversed; bill dismissed.

*Frank L. Fowler* and *Howard L. L. Campbell,* for complainant.

*A. A. Keiser,* for defendant.

BIRD, J. The relief which complainant seeks by his bill is permission to redeem the west ½ of the southwest ¼ of section 24, town 20 north, range 16 west, Mason county, from certain tax sales for the years 1896, 1897, 1899, and 1900. The auditor general sold and deeded this 80-acre tract, which was vacant and unoccupied, to defendant on June 30, 1906, for the taxes for the foregoing years, and at the time of the sale defendant paid the taxes thereon for the years 1903, 1904, and 1905. On November 19, 1906, defendant gave the regular six months' notice to redeem, which was directed to one John Chinkwam, and service was had by means of publication under the provisions of the statute. Proof of service by publication was duly filed in the office of the register of deeds for Mason county on January 17, 1907. Soon after this defendant went into possession, and was still in possession when this suit was filed in November, 1912. The questions which the record raises, and which are discussed in the briefs of counsel, are:

(1) Has complainant such an interest in these premises as entitles him to redeem?

(2) Was the six months' notice to redeem sufficient?

(3) If the notice to redeem was sufficient, was the tender adequate?

1. Defendant questions the right of complainant to maintain this suit on the ground of a lack of interest in the premises. It is conceded by both counsel that

John Chinkwam was the last owner of the premises in the regular chain of title, and complainant relies on a quitclaim deed from Lucy Chinkwam, who was adjudged by the probate court of Mason county to be a daughter and sole heir of John Chinkwam. This showing raised at least a *prima facie* right in complainant to maintain a bill to redeem the premises.

2. Complainant contends that his right to redeem was not cut off by the six months' notice to redeem, because it was not served upon the grantee in the last recorded deed in the regular chain of title. The defendant insists that it was so served. It is agreed by counsel that the government title came down to and vested in Robert N. Risden, and his deed was duly recorded. The heirs of Risden conveyed to Pelton, and Pelton to others, who in turn conveyed to Chinkwam. These deeds were all of record, save the deed from the Risden heirs to Pelton. It is conceded by complainant that, if the deeds from the Risden heirs to Pelton had been of record, John Chinkwam would have been the grantee in the last recorded deed in the regular chain of title, but he insists that, by reason of the break in the record chain, the Risden heirs, and not the heirs of John Chinkwam, should have been served with the notice.

It is not disputed that the regular chain of title stopped with John Chinkwam; nor is it disputed that his deed and all other deeds in the regular chain of title except the Risden deeds were of record. The Risden deeds, which would have made the record complete, were then in existence, but were not recorded until after the notice was served. We must conclude, under this state of facts, that John Chinkwam was the grantee in the last recorded deed in the regular chain of title. The title was complete, but the record lacked the Risden deeds, which were subsequently, and before this suit was begun, placed of record. We

think this was a substantial compliance with the provisions of the statute.

It is further argued that the service of the notice was invalid, for the reason that it was directed to John Chinkwam in the published notice, whereas, in fact his name was spelled "John Ching-kuom," and so appears in the deed conveying these premises to him. Two witnesses were sworn who testified that they knew him personally for many years, and that he lived on this land at one time; that he could neither read nor write, and that his name was pronounced as though it were spelled C-h-i-n-k-w-a-m, and that they always spelled it in that way, and, further, that he was known by that name. This testimony appears to be nowhere denied, and, taken in connection with the following direction in the order of publication, we think it was sufficient to identify him as the former owner and occupant of the premises:

"To John Chinkwam, grantee in the last recorded deed in the regular chain of title to said land."

A final contention is that this notice should have been directed to the heirs, executors, or administrators or trustee, because John Chinkwam was dead. The return of the sheriff is as follows:

"STATE OF MICHIGAN,
"County of Mason—ss.:
"I do hereby certify and return that, after diligent search and inquiry, I am unable to ascertain the whereabouts or post office address of John Chinkwam, his heirs, executors, or administrators, the grantee named in the last recorded deed in the regular chain of title to said land, and to whom said notice is directed and addressed.
"Dated December 5th, 1906.
                    [Signed] "CHAS. TUFTS,
                    "Sheriff of Mason County."

It does not appear that the sheriff knew that Chinkwam was dead; therefore his certificate must be ac-

cepted as final on the extent of his knowledge, and of the result of his inquiry. The certificate was sufficient to authorize the publication. It will be unnecessary to discuss the remaining question.

The decree will be reversed, and the bill of complaint dismissed, with costs of both courts to defendant.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.