### DUNN *v.* PAPENFUS.

1. TAXATION—REDEMPTION—DESCRIPTION—NOTICE—SUFFICIENCY.
   In a notice by the purchaser of State tax titles to the owner of the land to redeem, the description of land as: "State of Michigan, County of Crawford, E² of SW⁴; section 30, town 28 N, range 1 W," was sufficient.

2. SAME—SHERIFF'S FEES—EXCESSIVE FEES—NOTICE—VALIDITY.
   The notice to redeem was not void because the fees charged in the attached certificate of service by the sheriff were excessive, since the notice itself provided for reconveyance upon payment of certain specified sums, and contained the legal method for the exact determination of the sheriff's fees.

3. REAL PROPERTY—DEEDS—TIMBER RIGHTS—INTEREST IN LANDS.
   Standing timber, reserved in a conveyance, constitutes an interest in land.

4. TAXATION—REDEMPTION—NOTICE, PERSONS ENTITLED TO.

　　Under section 4138, 1 Comp. Laws 1915, providing that notice to redeem shall be served upon the person or persons appearing in the regular chain of title, "or of any interest therein," the notice must be served upon the owners of reserved timber rights in the lands involved.

5. SAME—LACHES OF OWNER—NOTICE—SUFFICIENCY.

　　Where a tax title purchaser relies upon the notice required by the statute (section 4138, 1 Comp. Laws 1915), he must show a substantial compliance therewith, regardless of the laches of the original owner in waiting seven years after service of notice upon him before questioning its validity.

Appeal from Crawford; Sharpe, J. Submitted April 2, 1918. (Docket No. 10.) Decided June 3, 1918.

Bill by Robert W. Dunn against Robert Papenfus to redeem from the sale of land delinquent for taxes. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Dayton W. Closser*, for plaintiff.

*O. Palmer* (*George L. Alexander*, of counsel), for defendant.

Bill filed for permission to redeem, under the provision of Act No. 229, Pub. Acts 1897, and amendments thereto (1 Comp. Laws 1915, § 4138 *et seq.*), from tax titles. On March 2, 1892, Pack, Woods & Co. by deed conveyed the property in question to one Ida Farman. The deed contained the following reservations:

"Excepting and reserving all of the pine timber on said land and the right of way to take it off and the right of way for log roads and railroads and the right to use the banks and channels of all streams on said land for the driving of logs and the right to make all improvements for the purposes and the right to dam and flood all such streams."

Ida Farman deeded the same lands to plaintiff which deed contained a similar reservation as follows:

"Excepting and reserving the pine and hemlock timber on said land and the right of way to take it off and the right to use the banks and channels of all streams on said land for the handling and driving and running logs and the right to make all improvements necessary for these purposes and the right to dam and flood such streams."

On June 25, 1907, one Alonzo Bessie purchased from the State tax titles upon said lands for the years 1892-1895 and 1897-1902 and paid delinquent taxes thereon for the years 1903-1906. On November 23, 1908, said Bessie conveyed said lands by warranty deed to the defendant. In the meantime and on July 27, 1907, Bessie had caused to be served upon plaintiff the regular form of tax notice. Two questions only are raised with reference to the notice. The first is that the land was improperly described. The description was as follows:

"State of Michigan. County of Crawford. $E^2$ of $SW^4$; section 30, town 28 N, range 1 W."

It appears that the service of the notice was made by registered mail. To the certificate of service signed by the sheriff he appended the following:

"My fees, a dollar and ten cents."

The contention is that this charge is excessive under the statute. It is further the claim of plaintiff that the failure of defendant's grantor to serve said notice on either Pack, Woods & Co. or Ida Farman, owners of the specified reserved rights in the timber, vitiates the entire proceedings and entitles him to redeem. Defendant introduced testimony tending to show that about the year 1890 or 1891 Pack, Woods & Co. lumbered the land in question and removed therefrom all the merchantable pine; that they left a very few black

Norway pine trees standing less than twelve inches in diameter, at that time unmerchantable and valueless. Defendant gave testimony to the effect that when he went into possession in 1908, 27 of such trees were standing and that 15 are still growing, the others having blown down or been cut down by defendant. From those cut defendant manufactured five or six hundred feet of lumber. With the exception of one standing tree none is now over 12 inches in diameter. It is clear from the evidence that in 1907 when the notice was served the pine standing on the property in question was of very little value and it was undisputed that there was no hemlock at any time. Plaintiff appeals from a decree dismissing his bill.

BROOKE, J. (*after stating the facts*). We agree with the conclusion of the circuit judge that the description was sufficient under the authority of *Auditor General* v. *Sparrow,* 116 Mich. 574.

With reference to the alleged excessive fees charged by the sheriff, while this question was not passed upon by the circuit judge, we are of opinion that plaintiff's contention is untenable. The notice itself provides that a reconveyance may be secured upon payment of certain specified sums—

"and the fees of the sheriff for the service or cost of publication of this notice, to be computed as upon personal service of a declaration as commencement of suit."

Assuming that the amount charged by the sheriff was excessive, which we do not determine, the plaintiff was not injured thereby because he was advised in the notice itself of the legal method for the exact determination of the sheriff's fees.

A more serious proposition is presented by the last point raised. We have held that standing timber constitutes an interest in the land. *Wait* v. *Baldwin,*

60 Mich. 622. The statute (section 4138, 1 Comp. Laws 1915) provides that service must be made:

"Upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein."

In *Hansen* v. *Hall*, 167 Mich. 7, it was held that the owner of a reservation of mineral rights was entitled to notice and it was there said:

"Until this notice is duly served upon each part owner and the statutory proofs thereof is made and filed, the right to redemption remains to all," citing *White* v. *Shaw*, 150 Mich. 270, and *Dolph* v. *Norton*, 158 Mich. 417.

See, also, *G. F. Sanborn Co.* v. *Richter*, 176 Mich. 562.

In the case at bar it is conceded that there is standing pine upon the land in question. True, under the testimony its value is small, and at the time plaintiff obtained his conveyance it was not merchantable in character. These facts, however, should not, in our opinion, be permitted to disturb the principle involved.

The tax title purchaser may readily satisfy himself from an inspection of the records who the person or persons are who are the last grantees of such lands or of any interest therein. According to the statute the notice must be served upon all such. Concededly this was not done in the case at bar.

Counsel for appellee urges that in any event the decree of the circuit court should be affirmed upon the ground that plaintiff, in waiting over seven years after the service of notice upon him, is now estopped by his laches from questioning the validity of said notice, and cites, in support of that contention, *Peters* v. *Canfield*, 74 Mich. 498. The matter in issue there was the enforcement of a land contract. The point here involved

is whether appellee has complied with section 140 of the tax law (1 Comp. Laws 1915, § 4138). In the case of *G. F. Sanborn Co.* v. *Alston*, 153 Mich. 456, this court said:

"He who relies upon the notices required by the statute must show a substantial compliance therewith, regardless of any fault or laches of the original owner."

The decree of the court below is reversed, and a decree will be entered in this court allowing plaintiff to redeem upon payment of the statutory sums together with such sums with interest thereon as have been paid as taxes by defendant since the purchase from the State. Plaintiff will recover costs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.