LE BOEUF *v.* PAPP.

1. TAXATION—NOTICE TO REDEEM—NAMES—IDEM SONANS.
   Under the doctrine of *idem sonans,* a notice to redeem from tax sale, served on one "Le Boeuf" or "Lebouf," was not invalidated because in the officer's return the final letter may be taken either as a "b" or an "f," and in the printed notice it is "b."

2. SAME—PARTIES WITHOUT INTEREST NOT ENTITLED TO NOTICE TO REDEEM.
   Where land adjoining a river was platted and one of the lots was sold for nonpayment of taxes, one to whom the right to boom logs on the river was granted more than

70 years ago or his heirs were not entitled to notice to redeem; there being no evidence that said interest in the land, whatever it was, extended to the lot in question, and no logs had floated in the river for 50 years.

3. SAME—NEGATIVE RECIPROCAL EASEMENT NOT AN INTEREST ENTITLING HOLDER TO NOTICE TO REDEEM.

A negative reciprocal easement of lot owners, in the nature of restrictions on the lots in a plat, is not such an interest as requires notice to them to redeem a lot, in which they had no other interest, from sale for nonpayment of taxes.

4. SAME—PURPOSE OF NOTICE TO REDEEM.

The purpose of the notice to redeem from sale of land for nonpayment of taxes is to give opportunity to those entitled thereto to redeem from the sale, and those not entitled to redeem are not entitled to notice.

5. SAME—FAILURE TO STATE IN RETURN DATE NOTICE RECEIVED NOT FATAL.

Failure to state in the return the date the notice to redeem from tax sale was received by the officer, as required by section 4138, 1 Comp. Laws 1915, was not such a defect as prevented notice by publication, rendering the proceeding invalid, especially where the proofs establish a good-faith effort to obtain personal service.

Appeal from Genesee; Parker (James S.), J.   Submitted April 10, 1928.   (Docket No. 74, Calendar No. 33,673.)   Decided July 24, 1928.

Bill by Fred Albert Le Boeuf against Kolomon Papp and others to redeem from the sale of land delinquent for taxes.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Arthur C. Elliott* (*Neithercut & Neithercut*, of counsel), for plaintiff.

*Frank G. Millard* and *Gault & Parker*, for defendants Papp.

FELLOWS, J.   Plaintiff files this bill to redeem from

a tax sale lot 480, General Motors Park, of the city of Flint. The lot was purchased by Eva E. Arthur for the delinquent taxes for 1920. She sold it for $150 to defendant Kolomon Papp. The regularity of the tax levy and sale is not questioned. Plaintiff, as grounds for relief, insists that the steps taken to cut off his right to redeem are not efficient to that end. See 1 Comp. Laws 1915, § 4138. Defendant Papp had let the contract to build a house on the lot and had paid $300 thereon when he first learned that plaintiff claimed the lot. He waited a reasonable time before beginning the construction of the home, but, no proceedings having been taken by plaintiff, the house was built at a cost of $1,700. Later ejectment was brought by plaintiff. That case was dismissed and this bill was filed. The defendant bank made defendant Papp a construction loan of $1,000, secured by mortgage on the land.

1. In the bill plaintiff is named as Fred Albert LeBoeuf; in the deed to him he is described as Albert Lebouf. In the return of the officer, the final letter may be taken either as a "b" or an "f". In the printed notice it is "b". Testimony in the case shows that plaintiff pronounced his name "Laboo." It is insisted that plaintiff's name was improperly spelled, and that this invalidated the notice. The trial judge applied the doctrine of *idem sonans* (*People* v. *Gosch*, 82 Mich. 22), and, following *Mercer* v. *Stephens*, 185 Mich. 290, held this objection not well taken. We entertain no disposition to disagree with this conclusion.

2. In 1855, William Hamilton was granted the right to boom logs in the Flint river adjoining the land which went to make up this subdivision, and was given storage rights on the land, whether on the lot in question does not appear. The lots on the subdivision were restricted. No notice was given to Hamilton or his heirs and none was given to the other lot owners of

the subdivision.    Such a notice was not necessary. The trial judge announced that he would take judicial notice that no logs had been floated in the Flint river for 50 years; he likewise held that none of these parties had such an interest in the lot in question as required notice to them.    The Hamilton interest, whatever it was back in 1855, does not appear by the record to have extended to the lot in question, and the negative reciprocal easement of other lot owners is not such an interest as requires notice to them.    It is a very different interest than ownership of the minerals in the ground (*Hansen* v. *Hall,* 167 Mich. 7), or the ownership of standing timber on the land (*Dunn* v. *Papenfus,* 202 Mich. 131).    The purpose of the notice is to give opportunity to redeem from the sale.    The owners of lots in the subdivision have the right to enforce building restrictions, but this does not extend to them the right to redeem from a tax sale.

3. This brings us to the meritorious question in the case.    The concluding sentence of section 4138, 1 Comp. Laws 1915, is as follows:

"The sheriff shall, in his return, state the time when such notice was delivered to him for service, and his return shall be *prima facie* evidence of the facts therein stated."

The return of the officer did not so state in the instant case, and it is here insisted that such a recital is jurisdictional and that substituted service by publication may not be had without it.    The officer was called as a witness by plaintiff.    His testimony disclosed a good-faith effort on his part to ascertain the whereabouts of plaintiff, and it is apparent that he had the notice in his possession long enough to make such effort.    He was unable to find the whereabouts of plaintiff, who left Flint in the fall of 1920, and occasionally came back, but whose home is in Hammond,

Indiana. Counsel has not called our attention to any case where the question has been directly raised, and we have found none, although several cases have been found where the return omitted such statement, was in the language of the return before us, and it is quite likely the form here used is one in common use. We have found three cases which we think are helpful by analogy. That the notice is not process and the return not controlled by rules governing returns to process was settled by *Winters* v. *Cook*, 140 Mich. 483, where it was held (quoting from the syllabus) :

"The notice of redemption required of a tax title purchaser by section 140 of the general tax law is not the process that gives the court jurisdiction to issue a writ of assistance, and the sheriff's return of the notice, or the registry receipt, or proof of publication, is not a return of process, within the rule protecting returns from collateral attack, but may be contradicted."

In *Williams* v. *Olson*, 141 Mich. 580, it was said by Mr. Justice OSTRANDER, speaking for the court:

"Unless compelled so to do, courts should not so construe the legislation as to make its provisions mandatory, and, so, applicable only to cases where the returns of service of notice show exact conformity with the statute provisions. To do so would not only render the legislation abortive, but would afford the delinquent taxpayer additional security against the collection, by the State, of its revenues. In terms the statute requires a return, made by a sheriff, showing that service has been made upon the grantee or grantees under the last recorded deed in the regular chain of title to said land. Setting aside considerations growing out of the difficulties the sheriff would be likely to experience in discovering for himself the truth of the fact stated in the return, and the impropriety of certifying to a fact not within his knowledge, we are of opinion that a return reciting the fact may be shown to be false, and that actual proper service of the notice may be shown when the return does not recite the fact. The notice and return are in no sense jurisdictional."

Finally, in *Heethuis* v. *Kerr,* 194 Mich. 689, the question involved was whether substituted service could be had before the return of the officer was filed. The question was resolved in the affirmative, and it was held:

"What the legislature undertook to provide for was a notice to owners and mortgagees of land by personal service, if personal service is possible, by publication if personal service cannot be had. The sheriff charged with service of the notice having made careful inquiry and being unable to ascertain the whereabouts or post-office address of any one entitled to notice, and having evidenced the fact in writing in the form of a return, no purpose could be subserved by delaying at all the making of the permitted substituted service. No good reason is suggested for holding that he must both make and file his return before proceeding with the publication of the notice, nor does *Pike* v. *Richardson,* 136 Mich. 414, determine that the word 'return' in section 140 means 'return and file.'"

Now, if the notice is not process, if the filing of the return is not jurisdictional, if service by publication may proceed without the filing of any return, and these cases so hold, we think it logically follows that publication may be had even though the return does not state the date the notice was received by the officer. The only purpose of the provision apparent to us at this time is to show that the officer had the notice sufficient time to attempt in good faith to obtain personal service before resorting to publication. But such effort is, under the authorities, always open to inquiry, and the parties are not bound by the return; its truthfulness is subject to inquiry in a collateral attack. Here the good faith of the officer to obtain personal service is established. While the statute is beneficent in purpose, and should be so construed as to aid unfortunate re-demptioners, it is nevertheless true that the statute is one of grace, conferring a favor on redemptioners, and should not be given such a construction as would

unnecessarily impede the State in the collection of its revenues.    We are persuaded that the failure to state in the return the date the notice was received by the officer was not such a defect as prevented notice by publication, and rendered the proceeding invalid, especially where the proofs establish a good-faith effort to obtain personal service.

The decree will be affirmed, with costs of this court.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.