In re PETITION OF AUDITOR GENERAL.

RASCH v. AMERICAN SAVINGS & LOAN ASSOCIATION.

1. TAXATION—TENANCY BY ENTIRETIES—NOTICE TO HUSBAND AND WIFE.
   Both husband and wife who hold property as tenants by the entireties are entitled to the purchaser's statutory notice of tax sale (CL 1948, § 211.140).

2. SAME—SERVICE OF PURCHASER'S NOTICE OF TAX SALE—RESIDENCE —PLACE OF BUSINESS.
   Service of purchaser's notice of tax sale by leaving a copy of the notice with a person other than the owner at the owner's place of business rather than at his residence *held*, insufficient (CL 1948, § 211.140).

Appeal from Wayne; Bowles (George E.), J. Submitted April 4, 1961. (Docket No. 3, Calendar No. 48,501.) Decided June 29, 1961.

In the matter of the petition of Frank S. Szymanski, Auditor General, for sale of lands for taxes of 1954, Howard A. Rasch, a purchaser on tax sale, petitioned for writ of assistance against American Savings & Loan Association, a Michigan banking corporation, Henry Mardigian, Barbara Mardigian, and others, to remove them from premises. Petition dismissed. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation §§ 1039, 1040.
   Who are entitled to notice in order to perfect tax title. 54 ALR 756; 169 ALR 686.
[2] 51 Am Jur, Taxation § 1042.

*Kasoff & Young,* for plaintiff.

*Grossman, Hyman & Grossman* (*J. Leonard Hyman* and *Carl Levin,* of counsel), for defendants Mardigian.

Souris, J.   This appeal involves the sufficiency of service of a notice of tax sale made upon the joint owners of real estate.

Mr. and Mrs. Mardigian, 2 of the defendants herein, are record joint owners of real estate in the city of Detroit.   Plaintiff, in 1957, purchased that land at a tax sale for 1954 delinquent taxes.   No redemption having been made from such sale within the statutory period therefor, a tax deed was issued to plaintiff in accordance with the general property tax law.[1]   The deed was duly recorded, and thereafter plaintiff delivered to the sheriff of Wayne county the statutory purchaser's notice for service upon parties in interest.   This controversy revolves about the attempted service upon Mr. and Mrs. Mardigian of said notice.

The issue is framed in plaintiff's suit for a writ of assistance, plaintiff claiming that redemption from the tax sale was not made within the 6-month statutory period following notice thereof.[2]   Counsel for the parties stipulated and agreed before trial that the only issue to be resolved by the court was the sufficiency of service of the notice upon the Mardigians.   The circuit judge, after hearing testimony from the parties, determined that no proper service had been made upon them.

There is in evidence a duly executed return of service by a deputy sheriff upon Mr. Mardigian. The trial judge, after hearing somewhat conflicting

[1] CL 1948, § 211.1 *et seq.,* as amended (Stat Ann 1960 Rev § 7.1 *et seq.*).
[2] CL 1948, § 211.140 (Stat Ann 1960 Rev § 7.198).

testimony from the deputy sheriff and from Mr. Mardigian, concluded that service was not in fact made personally upon Mr. Mardigian but rather upon some other person at Mr. Mardigian's place of business and that such service was not made within the contemplation of the statutory provision for substituted service because not made at Mr. Mardigian's usual place of residence. The controlling statute is found in the general property tax law, which provides:

"That such service may be made upon any resident of this State by leaving such notice at his usual place of residence with some member of his family of mature age."[3]

Without determining the propriety of the circuit judge's ruling with reference to the attempted service upon Mr. Mardigian (there having been, as noted, somewhat conflicting testimony relating thereto), disposition of this case can be made upon the basis of undisputed facts relating to the attempted service of the notice upon Mrs. Mardigian, an owner by the entireties with Mr. Mardigian, and as such, also entitled to be served with notice under the statute. *Dolph* v. *Norton,* 158 Mich 417; *Hansen* v. *Hall,* 167 Mich 7; and *McVannel* v. *Pure Oil Co.,* 262 Mich 518, 522. Plaintiff concedes that the deputy sheriff attempted substituted service upon her by giving an extra copy of the notice to the person whom he believed to be Mr. Mardigian. The statute clearly requires that substituted service be made at the usual place of residence of the person sought to be served. Plaintiff concedes that the service here attempted was made not at the residence of the Mardigians but rather at the place of business of Mr. Mardigian. For that reason and that reason alone, the trial

[3] CL 1948, § 211.140 (Stat Ann 1960 Rev § 7.198).

court's decree denying plaintiff's petition for writ of assistance is affirmed.   Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.