**Michael J. COGAN, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF REVENUE, Appellee.**

**No. 6528.**

Supreme Court of Alaska.

Jan. 7, 1983.

---

Michael J. Cogan, pro se.

Thomas R. Wickwire, Asst. Atty. Gen., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOWITZ, and MATTHEWS, JJ.

## OPINION

PER CURIAM.

This case involves an appeal from the superior court's affirmance of a decision of the Department of Revenue assessing Michael J. Cogan's personal state income tax for the years 1976 and 1977.

Cogan did not file state income tax returns for either year[1] and the Department determined his liability based on earnings withheld by his employers during those years, as indicated on W–2 Forms which the Department evidently had acquired independently.[2]

Cogan filed a grievance,[3] claiming that he was entitled to a rebate of the entire amount withheld. Following a hearing, the Department upheld the computation and Cogan appealed to the superior court, which affirmed. We in turn affirm principally on the basis of our rulings in *State, Dep't of Revenue v. Oliver,* 636 P.2d 1156 (Alaska 1981).

### A. Right to Privacy

Cogan argues in the broadest possible terms that Title 43 invades his constitu-

---

1. Cogan actually did submit returns, but he refused to disclose any of the requested information. "A blanket refusal to disclose any financial information on the return on the basis of the Fifth Amendment is equivalent to filing no return at all." *State, Dep't of Revenue v. Oliver,* 636 P.2d 1156, 1160 (Alaska 1981).

2. AS 43.05.050 states:

   *Return by department upon failure to make return or making false or fraudulent return.* If a person fails to file a return at the time prescribed by law or by regulation, or makes, wilfully or otherwise, a false or fraudulent return, the department shall make the return from the information it obtains. A return made by the department is prima facie good and sufficient for all legal purposes.

   The state's computation was as follows:

   |  | 1976 | 1977 |
   | --- | --- | --- |
   | Total Alaska income tax | $1,494.00 | $1,351.00 |
   | Total Alaska income tax withheld | 1,395.00 | 1,323.00 |
   | Deficiency | 99.00 | 28.00 |
   | Penalty for Failure to File | 25.00 | 7.00 |
   | Interest to 10/1/79 | 19.03 | 3.29 |
   | Total amount due state | $ 143.03 | $ 38.29 |

3. *See* AS 43.05.240.

tional right to privacy and that AS 43.05.-230(c)[4] provides inadequate protection for these rights.

This type of broad challenge to Title 43 was rejected in *State, Dep't of Revenue v. Oliver*, 636 P.2d 1156 (Alaska 1981). There AS 43.05.230 was specifically relied upon as a ground for upholding, in general, the disclosure requirements of Title 43. 636 P.2d at 1167. In any event, we fail to see how Cogan's argument would nullify the state's computation of his tax liability in this case. In regard to the tax years in question in this appeal, the state did not ask Cogan anything. Thus, Cogan's privacy rights were not invaded. The state simply imposed a tax, shown by substantial evidence to be appropriate.

### B. Self Incrimination

■ Cogan refused to cooperate in the state's investigation and he argues that the information called for on the tax return, and in the audit process, might incriminate him and is therefore privileged.

*Oliver* disposes of these arguments. 636 P.2d at 1159–64. Blanket assertions of privilege, such as advanced here by Cogan, are rejected. 636 P.2d at 1160.

### C. Right to Life, Liberty and Happiness

■ Cogan says that an income tax impermissibly infringes on his constitutionally protected

> natural right to life, liberty, the pursuit of happiness, and the rewards of [his] own industry.

Alaska Constitution, Article I, section 1.

This contention is devoid of merit. Article I, section 1 also provides that "all per-

sons have corresponding obligations to the people and to the State." One of the "corresponding obligations" is that of paying taxes should the legislature impose them. *See* Alaska Constitution Article IX, sections 1 and 4. In *Oliver*, we pointed out that the propriety of the income tax is for the legislature to decide, not the courts. *Id.*, 636 P.2d at 1168.

### D. "Income" versus "Compensation"

■ Cogan argues that "compensation" for an individual's rendition of services is not "income" within the meaning of AS 43.20.040(b). "Income," he says, is "gain or profit;" wages are an equal exchange for services rendered.

AS 43.20.040(b)(3) stipulates that wages or salaries are "income" within the meaning of AS 43.20.040. Furthermore, AS 43.20.-040(a)(2) expressly defines income as "compensation for services rendered in the state."

### E. Matters of Law

Cogan makes the due process argument that the Department of Revenue would not listen to and rule on his constitutional and statutory claims.

Since the superior court and this court have entertained these arguments, error, if any, is harmless.

AFFIRMED.

---

**4.** AS 43.05.230(c) states:

> The department may permit the proper officer of the United States or of a state, territory or possession of the United States or of the Dominion of Canada or of a province or territory of Canada, or his authorized representative, to inspect tax returns or reports filed with the department, or may furnish to the officer or representative a copy of the tax return, if the other jurisdiction grants substantially similar privileges to the department or its representative or to counsel for the state; and if the department determines that the other jurisdiction provides adequate safeguards for the confidentiality of the returns and reports, and that the returns and reports will be used for tax purposes only. The department may also permit the employment security division of the Alaska Department of Labor to inspect tax returns or reports filed with the department or may furnish a copy of the tax returns for tax purposes only.