**STATE TAX COMMISSION OF UTAH,**
**Plaintiff and Respondent,**

v.

**James M. LOONEY, Defendant**
**and Appellant.**

**No. 19913.**

Supreme Court of Utah.

Jan. 29, 1985.

James M. Looney, pro se.

David L. Wilkinson, Atty. Gen., James L. Barker, Jr., Gary R. Thorup, Stephen Schwendiman, Mary Beth Walz, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

**PER CURIAM:**

Defendant appeals from an order of the district court holding him in contempt of a "writ of mandate" that required him to file tax returns for the years 1979, 1980, and 1981.

■ Defendant first challenges the appropriateness of a writ of mandate as the procedure to compel him to file a tax return. U.C.A., 1953, § 59–31–7(1) clearly provides that "[i]f a taxpayer fails to file any return required ..., the state tax commission may petition for a writ of mandate to compel the taxpayer to file...." Defendant argues that mandamus is normally used only to compel a public officer to perform his duty. In so arguing, defendant confuses the extraordinary writ of mandamus with the statutory writ of mandate. The two procedures are to be distin-

guished, and the limitations on the former do not necessarily apply to the latter.[1]

■ Defendant next urges that he need not comply with the requirement to file a tax return, since he owes no duty to the state. In a related argument, defendant challenges the "state's jurisdiction." While his argument is less than clear, it appears that this jurisdictional challenge is directed to the tax commission's authority to require citizens to file income tax returns. At the hearing on the order to show cause, defendant conceded the district court's jurisdiction and attacked "only the state's authority ... to bring this action in the first place." Article XIII, section 12 of the Utah Constitution authorizes the legislature to impose a tax based on income. Pursuant to this constitutional authority, the legislature enacted the Individual Income Tax Act (contained in Title 59 of the Utah Code). Clearly, the state has the authority to impose on its citizens certain duties, including the filing of tax returns.

■ The only returns ever filed by defendant for the years in question contained zeros in all the appropriate blanks for reporting income. While conceding that he had wages for the years in question, defendant argues that wages are merely compensation for services and not income. The argument is totally without merit. *See Joslin v. United States*, 666 F.2d 1306 (10th Cir.1981).

■ Finally, defendant claims the order of the district court violated his constitutional rights. Without specifying how he has been deprived of his rights, defendant cites the first, fourth, fifth, and fourteenth amendments of the Constitution of the United States. Having considered all of defendant's constitutional arguments, we find that there is no legal or factual merit to any of them.

Affirmed.

1. *Mitchell v. Agents of State*, 105 Idaho 419, 670 P.2d 520 (1983); *Department of Revenue v.*

*McCann,* 293 Or. 522, 651 P.2d 717 (1982).