730 P.2d 1025

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kenneth P. STAPLES,
Defendant-Appellant.**

**No. 16237.**

Court of Appeals of Idaho.

Dec. 11, 1986.

Kenneth P. Staples, pro se.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen. and Shad D. Priest, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

BURNETT, Judge.

In the magistrate division of the district court, Kenneth Staples was convicted by a jury of willful failure to file a state income tax return for the year 1983. Staples appealed to the district court, where the judgment of conviction was affirmed. He appealed again, bringing the case before us. Today we, too, affirm the judgment.

Staples advances two principal contentions on appeal: (1) that a state income tax on wages is unconstitutional; and (2) that the Idaho State Tax Commission must conduct an administrative hearing before an individual is prosecuted for willful failure to file an income tax return. For the reasons set forth below, we reject each of these contentions.

I

Staples' constitutional attack upon a state's power to levy income taxes on wages is vague and ill conceived. It is clear beyond cavil that income taxation by states is constitutional. *Shaffer v. Carter,* 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920); *Diefendorf v. Gallet,* 51 Idaho 619, 10 P.2d 307 (1932); *Bills v. State Dept. of Revenue and Taxation,* 110 Idaho 113, 714 P.2d 82 (Ct.App.1986). *Accord Cogan v. State, Department of Revenue,* 657 P.2d 396 (Alaska 1983); *State Tax Commission of Utah v. Looney,* 696 P.2d 1206 (Utah 1985). The Idaho Constitution contains no prohibition against a state income tax. *Idaho State Tax Commission v. Payton,* 107 Idaho 258, 688 P.2d 1163 (1984). The Idaho Supreme Court long ago rejected any contention that income taxation is prohibited simply because it is not among taxes specifically authorized by article 7, section 2 of the Idaho Constitution. In *Diefendorf,* the Court stated: "[I]t is not necessary that the constitution expressly authorize the legislature to enact each and every kind of tax adopted by it. An act is legal when the Constitution contains no prohibition against it." 51 Idaho at 637, 10 P.2d at 314. Moreover, section 16 of article 7 grants the Legislature authority to pass "all laws necessary" to fulfill the state's revenue requirements.

Staples further argues that he is not legally obligated to pay income taxes because his wages are compensation for a "natural right" of labor and are not "income." This argument is meritless.

Wages received for labor, or as compensation for services, are income. *Mitchell v. Agents of State*, 105 Idaho 419, 670 P.2d 520 (1983); *Parsons v. Idaho State Tax Commission*, 110 Idaho 572, 716 P.2d 1344 (Ct.App.1986). *See also United States v. Lawson*, 670 F.2d 923 (10th Cir.1982); *Cogan v. State, Department of Revenue, supra; State Tax Commission of Utah v. Looney, supra;* 26 U.S.C. §§ 61, 63; I.C. § 63–3022. At trial the state produced evidence that Staples earned roughly $13,000 in wages during 1983. This evidence was sufficient to support the jury's implicit finding that Staples was a person required to file an Idaho income tax return for the same year.

Staples' appeal is broadly based upon a philosophical notion that he is a "sovereign individual" and that unlike a corporation—which is a creature of statute—he may decide when to subject himself to the authority of the state. However, our society does not exist in a "state of nature." Thomas Paine, one of the founders of the American republic, noted that "government [is] rendered necessary by the inability of moral virtue to govern the world." 1 T. PAINE, *Common Sense*, THE COMPLETE WRITINGS OF THOMAS PAINE (P.S. Foner ed.1945). Oliver Wendell Holmes struck a similar chord when he said, "Taxes are what we pay for civilized society." W.T. SCHANTZ, THE AMERICAN LEGAL ENVIRONMENT 501 (1976). Recently our Court observed: "Individuals must sacrifice a part of their 'liberty' in order to empower a government to regulate, through passage and enforcement of laws necessary for the general public welfare." *State v. Gibson*, 108 Idaho 202, 203, 697 P.2d 1216, 1217 (Ct.App.1985).

Citizens may not choose to receive the benefits of a civilized society without sharing the burdens. Taxation is one of those burdens. All wage earners in Idaho are subject to income taxes. Kenneth Staples is no exception.

## II

Staples next contends that he should have been given a hearing by the State Tax Commission before he was prosecuted. He grounds his argument in the Administrative Procedure Act—particularly I.C. § 67–5209, which provides that "[i]n a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice." We believe the statute is inapposite here.

The Commission's decision to refer this case for prosecution did not turn upon any disputed fact. Staples' employer had reported paying him approximately $13,000 in wages during 1983. When the Commission contacted Staples and demanded that he file a tax return, he did not deny having received the wages. Neither did the Commission's referral for prosecution entail any threshold issue as to the scope or meaning of the applicable statutes and regulations. The only "issue" presented was Staples' assertion that state income taxation impermissibly abridged his rights as a free citizen. In this posture, the case presented no factual or legal question within the Commission's administrative expertise and authority. Accordingly, the Commission took no administrative action directly against Staples. It simply referred the case elsewhere. We hold that such a referral did not trigger the hearing requirement of I.C. § 67–5209. Our holding is consistent with decisions in other jurisdictions, where the relationship between administrative and criminal proceedings has been considered. *See, e.g., Madrid v. Director of State Dept. of Social Services*, 183 Cal.App.3d 151, 228 Cal.Rptr. 14 (Cal. Ct.App.1986) (administrative hearing not required before prosecution for welfare fraud); *State v. Lloyd A. Fry Roofing Co.*, 9 Or.App. 189, 495 P.2d 751 (1972) (administrative conciliation proceedings not required before prosecution for violation of pollution control laws).

The decision of the district court, upholding the judgment of conviction in the magistrate division, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.