760 P.2d 1187

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stephen GIBSON and Diane Gibson, husband and wife, Defendants–Appellants.**

**No. 16833.**

Court of Appeals of Idaho.

July 6, 1988.

Addendum On Denial of Rehearing Sept. 2, 1988.

Petition for Review Denied Nov. 9, 1988.

---

Stephen Gibson and Diana Gibson, pro se.

Jim Jones, Atty. Gen. by Lawrence G. Sirhall, Jr., Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

The question presented is whether the crime of failing to "make" an income tax "return," as provided in the Idaho income tax code, includes failure to "file" the return. We hold that it does.

This case began when Stephen and Diane Gibson were charged by misdemeanor complaint with willfully failing to "make" a "return" of income under I.C. § 63–3075(a). A jury trial was held in the magistrate division of the district court. The prosecutor presented proof that the Gibsons had failed to file a tax return with the Idaho State Tax Commission for 1983. At the conclusion of the state's case, the Gibsons, representing themselves *in propria persona*, moved to dismiss the complaint on the ground the state had failed to prove a failure to "make" a return. They contended that the state had shown only a failure to "file" a return. They reasoned that the language of I.C. § 63–3075(a)—"make such returns"—was directed solely to the acts of completing tax forms, dating them and signing them. Accordingly, they urged that proof of failure to "file" did not establish the elements of the crime charged in this case.

Apparently, the magistrate accepted some of this reasoning. In any event, the motion to dismiss was granted.[1] The state then perfected an appeal to the district

---

1. The magistrate also expressed a view that I.C. § 63–3030A, which permits a district court to enter a writ of mandate compelling the filing of a delinquent return, was the state's exclusive remedy for a taxpayer's failure to file. The district judge disagreed with this reasoning. No party to this appeal has raised the issue. Accordingly, we will not address it at length.

Nonetheless, we do note a significant distinction between a civil remedy which enables the state to obtain a tax return and a criminal sanction which penalizes a taxpayer for failing to file. In our view, the civil remedy does not preclude the state from initiating criminal prosecutions against recalcitrant taxpayers.

court solely on questions of law: whether the making of an income tax return requires that the return be filed; and, if so, whether willful failure to file an income tax return is a crime under I.C. § 63–3075(a). The district court answered both inquiries in the affirmative. The Gibsons then appealed, bringinq the case to us.

As noted above, the Gibsons assert that the phrase "make such returns," as used in I.C. § 63–3075(a), stops short of requiring a return to be filed. Additionally, they argue that if the statute is given a broader meaning, it is unconstitutionally vague because it fails to provide an accused adequate notice of the nature of the offense. The state responds that the statutory scheme plainly embraces a duty to file. With the latter argument, we agree.

Chapter 30, title 63, of the Idaho Code governs the imposition, collection and administraton of income taxation in Idaho. The statute, taken as a whole, requires that persons earning above certain income levels must "make" tax "returns" annually. I.C. § 63–3030. The tax form must be filed with the Idaho Tax Commission on or before a deadline date—which, for most taxpayers, is the 15th day of April following the close of the calendar year. I.C. § 63–3032. Persons who fail to comply with these provisions are subject to the criminal penalties set forth in I.C. § 63–3075. We see no cogent reason to engraft upon this scheme an interpretation so restrictive that it eviscerates any meaningful basis for enforcement by criminal prosecution.

In our view, the word "returns"—when used in the tax code—connotes to an ordinary reader forms which are completed and submitted to the appropriate taxing authority. Moreover, "tax return" has been defined in legal parlance as "[t]he form on which a report of income, deductions and exemptions is *made and which is forwarded with the tax payment."* BLACK'S LAW DICTIONARY 1311 (5th ed. 1979)

(emphasis added). Although a semantic argument can be made, distinguishing between the act of "making" or filling out the tax form and the act of "filing" it, we think it is a distinction bereft of substance. It fails to take account of the contextual linkage between the words "make" and "returns." The fact that I.C. § 63–3075(a) refers to tax "returns" clearly indicates that the documents, once completed, are to be filed.[2] A completed but unfiled "return" does not satisfy the reporting obligation explicitly contemplated by the tax code.

Although the wording of I.C. § 63–3075(a) is imperfect, its meaning is clear enough when read, as it must be, in conjunction with all other pertinent sections of the code. *See, e.g., Jackson v. Jackson,* 87 Idaho 330, 393 P.2d 28 (1964). The courts must construe statutes to avoid absurdity and to effectuate legislative intent. *Diefendorf v. Gallet,* 51 Idaho 619, 10 P.2d 307 (1932). Here, the unmistakable intent of the Legislature, in enacting the penalty provisions of the tax code, was to punish those persons who willfully failed to comply with their reporting obligations. This obligation obviously includes forwarding the necessary documents and information to the tax commission. We conclude that the phrase to "make such returns," as set forth in I.C. § 63–3075(a), contemplates filling out and filing the annual tax forms.[3]

Accordingly, the decision of the district court, reversing the magistrate's order of dismissal, is affirmed. The case is remanded for proceedings consistent with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.

### ADDENDUM

Upon Denial of Petition for Rehearing

BURNETT, Judge.

Our lead opinion holds that the obligation to "make" an Idaho income tax "return"

---

2. Indeed, this Court previously has affirmed at least one judgment of conviction under I.C. § 63–3075 where the defendant failed to file an Idaho income tax return. *See State v. Staples,* 112 Idaho 105, 730 P.2d 1025 (Ct.App.1986).

3. Because we have concluded that the meaning of I.C. § 63–3075(a) is clear, we need not separately consider the contention that the statute is unconstitionally vague.

includes a duty to "file" the return. In a petition for rehearing, the appellants contend that our construction of these statutory terms is contrary to an interpretation placed upon the same words by the Michigan Supreme Court in *LeBoeuf v. Papp*, 243 Mich. 318, 220 N.W. 792 (1928), and *Heethius v. Kerr*, 194 Mich. 689, 161 N.W. 910 (1917). We disagree.

*LeBoeuf* is inapposite and requires no discussion here. *Heethius* is a case arising from a dispute over the collection of property taxes. Under Michigan law then in effect, the owner of property subject to sale for unpaid taxes was entitled to notice of the sale and of the right to redeem. The sheriff was required to serve such notice personally, but service could be accomplished by publication if the sheriff made a "return" that the property owner could not be located. In *Heethius* certain property owners, having failed to pay their taxes or to redeem their property, sought to set aside the tax sale. They claimed that service by that publication was invalid because the publication had commenced before the sheriff filed his return. The Michigan court rejected this claim, holding that publication could begin when the sheriff determined, as stated in his return, that he was unable to locate the owners.

Relying on *Heethius*, the appellants in the present case argue that making an income tax return does not include filing the return. Their argument is flawed in three respects. First, words used in the property tax statutes of another state do not necessarily carry the same meaning when placed in the context of Idaho's income tax code. Second, the Michigan court in *Heethius* did not hold that it was unnecessary for the sheriff making a return to file it. Rather, the court narrowly held that service by publication was not rendered defective merely because it began before the filing occurred. Third, under the Michigan scheme, filling out the sheriff's return form was a significant official act in its own right. It constituted a public officer's determination of inability to locate a property owner, thus triggering the procedure of effecting service by publication. In contrast, filling out an Idaho income tax return form is a private act; it acquires public significance, and triggers an official response, only when the completed form is filed with the proper taxing authority.

In sum, we conclude that *Heethius* is not contrary to our lead opinion in this case. We also have examined other decisions cited in *Heethius*, finding them to be inapposite or distinguishable. Accordingly, the petition for rehearing is denied.

WALTERS, C.J., and SWANSTROM, J., concur.